MAE V. MILLER, as Administratrix, etc., of FRANK P. MILLER, Deceased, Plaintiff, v. THE CITY OF ALBANY and Others, Defendants.*

CATHERINE KENYON, as Administratix, etc., of WARREN KENYON, Deceased, Plaintiff, v. THE CITY OF ALBANY and Others, Defendants.

NORA A. ROGERS, as Administratrix, etc., of THOMAS H. ROGERS, Deceased, Plaintiff, v. THE CITY OF ALBANY and Others, Defendants.

Supreme Court, Special Term, Albany County, December 26, 1935.

*Williams*, for the plaintiffs.

*Reilly*, Corporation Counsel [*Joseph J. Casey, Acting Counsel*, and *Ralph S. Leonard* of counsel], for the

---

* Affd., —— App. Div. ——.

FOSTER, J. On the 4th of May, 1935, two motor vehicles, owned by the fire department of the city of Albany collided on the way to a fire. Four firemen were killed. Representatives of the next of kin of three deceased firemen have brought actions against the city of Albany, the drivers of the two vehicles, and Maurice T. Kennah, a battalion chief. The complaint in each action charges negligence. The city of Albany is charged with negligence in an additional cause of action under the Employers' Liability Law.

The defendants have moved to dismiss each action on the ground that none states a cause of action.

In so far as third parties are concerned, governmental immunity has been waived, or abrogated, by section 282-g of the Highway Law. (*Rothman* v. *City of New York*, 235 App. Div. 781; affd., 261 N. Y. 596; *Snyder* v. *City of Binghamton*, 138 Misc. 259; affd., 233 App. Div. 782; *Miller* v. *City of New York*, 235 id. 259.) In these cases, however, if the officers were fellow-servants, as charged by the defendants, the limits of liability are decidedly circumscribed.

Ordinarily firemen and policemen are not classified as city employees, but as governmental agents of the State performing duties of a public character for the benefit of all citizens of the community. (*Matter of Evans* v. *Berry*, 262 N. Y. 61; *Krug* v. *City of New York*, 196 App. Div. 226; *Kahl* v. *City of New York*, 198 id. 30; *Matter of Ryan* v. *City of New York*, 228 N. Y. 16.) For the purpose of the statute only those appointed to operate municipally-owned vehicles are deemed employees of the city. This arbitrary classification does not change the fundamental character of employment of firemen not so appointed, nor does it bring them within the Employers' Liability Law. By the same token it does not make them fellow-servants within the meaning of the common law.

It is urged that the statute was never intended to cover cases of the character involved here; but to that claim it may be pointed out that it has been held (*Ottman* v. *Village of Rockville Centre*, 241 App. Div. 843) that a volunteer fireman, injured by the negligence of the operator of a municipally-owned fire truck, had a cause of action under the statute. I am unable to see any cogent reason why a distinction should be drawn between a volunteer and a paid fireman. Both are engaged in performing the same duties, and it is the size of the municipality, rather than anything else, which makes one a paid servant and the other a volunteer.

It does not follow, of course, that firemen do not assume the risks inherent in their calling. They assume all such risks, including traffic risks to a very considerable degree. An emergency created by fire does not admit of that degree of care which the ordinary

citizen would use in operating a motor vehicle. Nevertheless there must be a line drawn somewhere. Even the operator of a fire truck must use the reasonable care which the circumstances dictate. (*Farrell* v. *Fire Insurance Salvage Corps*, 189 App. Div. 795; *Muhs* v. *Fire Insurance Salvage Corps*, 89 id. 389.) The fact that two vehicles are involved would not alter this rule. Indeed, it would seem of greater importance because care becomes of greater moment when two vehicles are not bound by the ordinary restrictions upon traffic.

With governmental immunity waived, this question of reasonable care becomes one for a jury to determine. Perhaps some of the allegations in the complaints do not sustain charges of negligence (*Garrett* v. *City of Schenectady*, 268 N. Y. 219); nevertheless I think there is sufficient to state causes of action. Since it is determined that the Employers' Liability Law does not apply, the causes under that act should be dismissed. Otherwise, the motion in each case is denied, without costs.