■ Robert Moore, Respondent, v. City of Yonkers, Appellant.— In an action to recover damages for personal injuries, the appeal is from an order denying appellant's motion for judgment on the pleadings, dismissing the amended complaint. Respondent, a patrolman in the Police Bureau, Department of Public Safety, City of Yonkers, was injured when a motorcycle which he was riding, in the performance of his duties, struck and fell into a hole in a city street, throwing him into the air and to the ground. He commenced this action on September 15, 1954 and thereafter on August 1, 1955 was retired, on application of the Commissioner of the Department of Public Safety, on an accidental disability retirement allowance pursuant to the pro-

visions of the Civil Service Law, which provisions are now found in the Retirement and Social Security Law. On November 26, 1957 an amended answer was served setting up as separate defenses assumption of risk and election of remedies. A reply to these separate defenses was served. Order affirmed, with $10 costs and disbursements. While it is true that in the ordinary case allegations contained in a separate defense are deemed denied or traversed, nevertheless where, as here, a reply to the separate defenses has been served, the issues are clearly drawn and all the pleadings and bills of particulars should be considered and if no triable issue of fact is presented judgment on the pleadings may properly be granted (*Gracie Square Realty Corp.* v. *Choice Realty Corp.,* 305 N. Y. 271; *Mack, Miller Candle Co.* v. *MacMillan Co.,* 239 App. Div. 738). In accepting and continuing his employment, respondent assumed the rather obvious and commonly known risk that there might be defective and dangerous conditions existing in the streets he was required to patrol, and the hazards were quite as open and obvious to him as to the municipality; nonetheless it may not be held as a matter of law that under the facts here pleaded the respondent assumed the risk of the " deep and dangerous hole" which the amended complaint alleges existed. The precise nature of the hole should be established by evidence, and it will then be a question of whether under all the circumstances he may be said to have assumed the risk, which question should be determined on the trial of the action. We do not think it should be said that a police officer assumes the risk of every dangerous condition in a street, irrespective of how unusual or unforeseeable it may be (cf. *Miller* v. *City of Albany,* 158 Misc. 720, affd. 247 App. Div. 848). Neither do we think that respondent's acceptance of disability retirement benefits when he was compulsorily retired subsequent to the institution of this action constituted an election of remedies so as to bar the prosecution of the action, which is founded on common-law negligence. The disability retirement provisions of the Civil Service Law (now found in the Retirement and Social Security Law) may not be construed to provide for such a bar, as it is a familiar canon of construction that an intention to change a rule of common law will not be presumed unless the enactment is clear and explicit in that direction, and a purpose to effect such a change will not be found in the absence of language which clearly imports that intention (*Cleveland* v. *Town of Lancaster,* 239 App. Div. 263, affd. 264 N. Y. 568; *People* v. *Dethloff,* 283 N. Y. 309; *People* v. *Phyfe,* 136 N. Y. 554). There is no such language in the statute under consideration which does provide for a diminution or cessation of benefits if the retired member receives a workmen's compensation award or becomes gainfully employed. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur.