Fuld, J.
The fellow-servant doctrine should not be applied in a case, such as the present, where a New York City police officer, serving in a police car as a " recorder ”, was injured when the car, operated by a fellow officer, collided with another automobile while in pursuit of a third vehicle.
At common law, police officers engaged in police work were regarded not as employees or servants of the municipality but rather as agents performing a public duty and a governmental function. In consequence, the municipality was immune from suit for injuries to third parties caused by negligence on the *80 part of such officers. (See, e.g., Matter of Evans v. Berry, 262 N. Y. 61, 67-68; Bernardine v. City of New York, 294 N. Y. 361, 366.) With the growth of motorized transportation, it became apparent that redress should be afforded persons injured through the negligent operation of municipally owned vehicles by municipal officers. Accordingly, in 1929, section 282-g of the Highway Law was enacted to remedy this situation, and we are here concerned with its successor statutes, sections 50-a and 50-b of the General Municipal Law, which in all essential respects are the same as the earlier provision.
Section 50-a recites that ‘ ‘ Every city * * * shall be liable for the negligence of a person duly appointed by the governing board or body of the municipality * * * to operate a municipally owned vehicle within the state in the discharge of a statutory duty imposed upon the municipality, provided the appointee at the time of the accident or injury was acting in the discharge of his duties and within the scope of his employment ” and, then, in order to emphasize the city’s liability even for the negligent operation of vehicles by those who had been regarded as governmental officers or agents rather than as servants or employees, the statute goes on to provide that “Every * * * appointee shall, for the purpose of this section, be deemed an employee of the municipality, notwithstanding the vehicle was being operated in the discharge of a public duty for the benefit of all citizens of the community and the municipality derived no special benefit in its corporate capacity.” And section 50-b, dealing with the same subject, declares that the city shall be liable and shall assume the liability for the negligence of the person operating the vehicle.
As indicated, the purpose of the statute is to impose liability upon the city for the negligent operation of vehicles by police and other municipal officers and thereby overcome the hardship visited upon those who, injured by such negligence, would otherwise be without remedy. There is no reason for not extending the relief thus afforded private persons to the police driver’s fellow officers as well. Had the Legislature intended to exclude them from the statute’s coverage, it could easily have so provided. It chose, instead, to denominate as an employee of the municipality solely the person operating the vehicle “ in the discharge of a statutory duty ”.
*81 In point of fact, this court and the Appellate Division have, in the past, actually upheld recovery by policemen or firemen injured, while riding as passengers in municipally owned vehicles, through the negligence of fellow officers who were operating the vehicles. (See, e.g., Wiseman v. City of New York, 10 N Y 2d 952; Miller v. City of New York, 292 N. Y. 571; Robinson v. City of Albany, 14 A D 2d 626; Miller v. City of Albany, 158 Misc. 720 [per Foster, J.], affd. 247 App. Div. 848; see, also, Ottmann v. Village of Rockville Centre, 273 N. Y. 205, 206.) In the recent Wiseman case (10 N Y 2d 952, supra), for instance, the administratrix of a deceased police officer brought an action against the City of New York for wrongful death arising out of a collision between a police car in which her husband had been a passenger and another vehicle. Although the city did not in that case rely on the fellow-servant doctrine, it did oppose recovery on the closely related ground of assumption of risk (of a collision owing to the negligence of the driver as one of the hazards of his, the passenger’s, job) and this court had no hesitancy in affirming the judgment in favor of the plaintiff.
The inherent injustice of a rule which denies a person, free of fault, the right to recover for injuries sustained through the negligence of another over whose conduct he has no control merely because of the fortuitous circumstance that the other is a fellow officer is manifest. Dean Prosser has characterized the fellow-servant rule as “wicked” (Prosser, Torts [2d ed., 1955], p. 383) and one court has described it as resulting in “ gross injustice ” and as “ callous to human rights ”. (Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 47.) This may well suggest the desirability of abolishing the rule but we leave decision of that question to the future. It is sufficient at this time to decide only that we should not extend it into an area in which it has not previously been applied.[1]
The judgment appealed from should be reversed, with costs in this court and in the Appellate Division, and that of the Trial Term reinstated.

. As to the city’s further contention that it was entitled to show, in mitigation of damages, the amount of pension received by the plaintiff following his retirement for accident disability, see Cady v. City of New York (19 A D 2d 822, affd. 14 N Y 2d 660).