Lester Sacks, J.
On June 7, 1973, the plaintiff, a detective with the New York City Police Department, was allegedly negligently shot, while on duty, by Patrolman Louis Galeones, also on duty at the time.
The defendants, the City of New York and the Police Department of the City of New York, now move for an order granting summary judgment and dismissing the complaint on the grounds of the common-law "fellow-servant rule.”
That rule, simply stated, holds that "where a servant is injured through the negligence or fault of a fellow servant * * * and no relation of subordination, subjection, or control *356 exists between them, and the master is himself free from fault, the master is not responsible for the injury.” (36 NY Jur, Master and Servant, § 130.)
The fellow-servant rule is generally conceded to be an anachronism (16 Syracuse L Rev 373, 382) and has been so changed and limited by statute and case law that it is "very rarely of significance” (53 Am Jur 2d, Master and Servant, § 295).
That the rule was not yet dead was made clear, however, in the 1964 Court of Appeals ruling in Poniatowski v City of New York (14 NY2d 76). In that action a police officer was injured when the police car in which he was riding and which was driven by a fellow police officer collided with another automobile while in pursuit of a third vehicle. The court held that sections 50-a and 50-b of the General Municipal Law, which make a city liable for the negligence of its employees and appointees in the operation of a motor vehicle, was applicable as and between two fellow servants. The decision was thus "based not upon a general disavowal of the fellow-servant rule, but on a very narrow statutory interpretation” (16 Syracuse L Rev, supra, p 382).
Because of the readily apparent inequities and injustice which may come about as a result of the application of this rule, the courts have continuously limited and chipped away at its applicability, especially those cases which statutory enactments such as workmen’s compensation failed to reach. A brief discussion of some of those limitations may be necessary at this time.
In order to release the master from liability for the negligence of a servant, it is essential that there be a sufficient number of employees engaged in that particular endeavor and that they all be competent, "For a failure to furnish a sufficient number of workmen and for his employment of incompetent servants, he may be rendered liable even though the injury results from the acts of a fellow servant.” (2C Warren’s Negligence, Master and Servant, § 19.02.)
This is an action against the city for negligence. Because the motion papers before the court do not contain a copy of the pleadings, we cannot at this time determine the basis of the alleged negligence. It has, however, been held that "insufficient training of a police officer may constitute negligence” (Eifert v Bush, 27 AD2d 950; Meistinsky v City of New York, 285 App Div 1153, affd 309 NY 998). To the extent that *357 plaintiff’s complaint may revolve around or involve such an allegation, the fellow-servant rule would not apply. Furthermore, the papers submitted to the court fail to adequately set forth and define the relationship between the plaintiff and Patrolman Galeones. Though it is not necessary that the functions of both servants be identical (Fay v De Camp, 257 NY 407), the rationale for the fellow-servant rule has been held to be in the nature of assumption of the risk (Poniatowski v City of New York, 14 NY2d 76, supra) and is based on the theory that coworkers or fellow servants within the scope of the rule are either in habitual association or in such form of consociation as to afford them the power and opportunity of exercising a mutual influence on each other promotive of proper caution (Bennett v Chicago City Ry. Co., 243 Ill 420; Flannegan v Chesapeake and Ohio Ry. Co., 40 W Va 436; Relyea v Kansas City, Fort Scott & Gulf R. R. Co., 112 Mo 86).
The court’s obligation, on a motion for summary judgment, is "issue-finding rather than issue-determination” (Esteve v Abad, 271 App Div 725, 727; Sillman v Twentieth Century-Fox, 3 NY2d 395). On the basis of the foregoing discussions, it is abundantly clear that there are so many issues to be determined, such an admixture of questions of law and fact, that disposition of this matter on the basis of affidavits, especially those presented to the court, is impossible and that a plenary trial is necessary. Accordingly, I feel constrained to deny the motion for summary judgment.
This seeming reluctance to deny the motion is not in any way occasioned by even the slightest thought that the motion be granted. Rather, the court would much prefer to declare the fellow-servant rule at long last dead and obsolete.
In Poniatowski (supra), the most recent definitive word on the subject, the Court of Appeals 12 years ago quoted with apparent approval Dean Prosser’s characterization of the fellow-servant rule as "wicked” (Poniatowski v City of New York, supra, p 81): "The apparent injustice of a rule which denies a person, free of fault, the right to recover for injuries sustained through the negligence of another over whose conduct he has no control merely because of the fortuitous circumstance that the other is a fellow officer, is manifest. Dean Prosser has characterized the fellow-servant rule as 'wicked’ * * * and one court has described it as resulting in 'gross injustice’ and as 'callous to human rights’”.
Not being bound by the requisites of judicial restraint, the *358 Syracuse Law Review writes (16 Syracuse L Rev 373, 382): "Whatever the original justification may have been for this nefarious judicial device for minimizing the burdens of industry, enlightened social concepts and the pervasiveness of insurance have made it an anachronism. It is hoped that the Court will toll its death knell when the opportunity to do so next arises.”
With what we consider the blessing of the Court of Appeals which, in Poniatowski (supra, p 81), suggested "the desirability of abolishing the rule” but left "decision of that question to the future,” it is the opinion of this court that the fellow-servant rule is now no longer viable.
Motion for summary judgment is denied.