OPINION OF THE COURT
Gabrielli, J.
Each of the cases involved in these appeals presents the question of whether the fellow-servant rule continues to apply in New York. In each case an employee of the City of New York, who was injured through the negligence of a coemployee, brought an action against the municipality. In Buckley v City of New York, a police officer was accidentally shot in the leg when a gun being loaded by a fellow officer discharged in the station house locker room; and in Lawrence v City of New York, a fire fighter was seriously injured when a fellow fire fighter threw a smouldering couch from the second story window of a fire-damaged building and struck the plaintiff while he was standing in the yard. In each case the plaintiff secured a jury verdict of liability against the city on a theory of vicarious liability and the city’s motion to dismiss the complaint on the basis of the fellow-servant rule was denied. The Appellate Division has affirmed the judgments in both instances and leave has been granted to appeal to this court. We now affirm the orders below.
Under the rule of respondeat superior, an employer will be liable to third parties for torts of an employee committed within the scope of his employment (Sims v Bergamo, 3 *303 NY2d 531). By virtue of the fellow-servant rule, however, if an employee is injured by a fellow employee in the workplace he will have no recourse against the employer in respondeat superior. Succinctly stated, the rule provides that “where a servant is injured through the negligence or fault of a fellow servant, engaged in a common business and employment, * * * and the master is himself free from fault, the master is not responsible for the injury” (36 NY Jur, Master and Servant, § 130).
The fellow-servant rule had its origin in England in 1837 (Priestly v Fowler, 3 M & W [Meeson & Welsby’s Exch Rep] 1,150 Eng Rep 1030) and was adopted in the United States shortly afterward (Murray v South Carolina R. R. Co., 1 McMul [L Rep] 385; Prosser, Torts [4th ed], § 80, p 528). The rationales attributed to the rule are varied; the most convincing is that the rule promotes the safety of the public and of the workers by encouraging each employee to be watchful of the conduct of others for his own protection. It has also been suggested that the rule was based upon the notion that an employee assumes the risk of negligence on the part of his fellow servants or, more fundamentally, that the rule simply reflected a 19th century bias by the courts in favor of business (see Prosser, Torts [4th ed], § 80, pp 528-529). The theoretical underpinnings of this rule have, to a large extent, been discredited in recent years (see Poniatowski v City of New York, 14 NY2d 76,81; Crenshaw Bros. Produce Co. v Harper, 142 Fla 27, 47). Logically, there appears to be little reason for denying an employee the right which a third party possesses to recover from the employer in respondeat superior, since for one thing, in both instances the employer might have avoided the injury by selection of more careful employees. Moreover, the class of persons most frequently endangered by the negligence of an employee — his fellow workers — should not, without compelling reason, be denied a remedy accorded to the general public.
The over-all effect of the fellow-servant rule was drastically curtailed by the advent of workers’ compensation legislation, for the rule, involving injuries sustained in the course of one’s employment, provides no defense to a demand for this remedy (Prosser, Torts [4th ed], § 80, p 531; *304 see Workers’ Compensation Law, § 11). Nevertheless, the rule has not yet been completely obliterated since there are some areas of employment, such as those involved in the present appeal (see Matter of Ryan v City of New York, 228 NY 16; Matter of Krug v City of New York, 196 App Div 226), where the Workers’ Compensation Law does not apply.
In Poniatowski v City of New York (supra) our court signaled the beginning of the end of the fellow-servant rule in New York. There, a police officer was injured in a motor vehicle accident through the negligence of a fellow officer. Although the plaintiff’s cause was sustained in our court on the basis of a statute which obviated the necessity of directly confronting the fellow-servant rule*, we referred to this rule in passing by stating that “[t]he inherent injustice of a rule which denies a person, free of fault, the right to recover for injuries sustained through the negligence of another over whose conduct he has no control merely because of the fortuitous circumstance that the other is a fellow officer is manifest. * * * This may well suggest the desirability of abolishing the rule but we leave decision of that question to the future. It is sufficient at this time to decide only that we should not extend it into an area in which it has not previously been applied” (Poniatowski v City of New York, supra, at p 81, n omitted). Today we are squarely presented with the question left open in Poniatowski — whether the fellow-servant rule is to survive in New York. The rule had its birth in the 19th century, was severely crippled with the advent of workers’ compensation, and was dealt an almost fatal blow in this State in Poniatowski. Today, in rejecting this rule entirely, we inter its remains.
In constructing its argument for retention of the fellow-servant rule, the defendant city has largely abandoned the rationales originally underpinning the rule and, instead, the city asserts that the rule should be retained primarily because it has enjoyed a lengthy tenure in our jurispru *305 dence. While the longevity of a rule of law requires that its re-examination be given careful scrutiny, it does not demand that its effect be given permanence. The continued vitality of a rule of law should depend heavily upon its continuing practicality and the demands of justice, rather than upon its mere tradition. Although the policy of stare decisis is not to be lightly cast aside, this court has previously noted that “[i]t was intended, not to effect a ‘petrifying rigidity,’ but to assure the justice that flows from certainty and stability. If, instead, adherence to precedent offers not justice but unfairness, not certainty but doubt and confusion, it loses its right to survive, and no principle constrains us to follow it” (Bing v Thunig, 2 NY2d 656, 667).
Furthermore, we make it abundantly clear that we do not subscribe to the view that the abolition of the fellow-servant rule is strictly a matter for legislative attention. The fellow-servant rule originated as a matter of decisional law, and it remains subject to judicial re-examination. As this court observed in Woods v Lancet (303 NY 349, 355), “[w]e act in the finest common-law tradition when we adapt and alter decisional law to produce common-sense justice”.
The fellow-servant rule serves no continuing valid purpose in New York, but instead merely works an unjustifiable hardship upon individuals injured in the workplace, and we must thus conclude that the fellow-servant rule is no longer to be followed in New York.
Accordingly, the orders of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
In Buckley v City of New York: Order affirmed, with costs.
In Lawrence v City of New York: Order affirmed, with costs. Question certified answered in the affirmative.

 The determination centered upon the application of section 50-a of the General Municipal Law, providing that every municipality shall be liable for the negligence of a person duly appointed by the governing board or body of the municipality to operate a municipally owned vehicle in the discharge of a statutory duty imposed upon the municipality.