Titone, J.
(dissenting). I agree with the majority’s conclusion that plaintiffs’ purported cause of action under section 205-a of the General Municipal Law cannot be sustained. I also agree that their common-law negligence claims based upon the City’s failure timely to tow the abandoned vehicle were properly rejected at the Appellate Division. I write separately, however, because I cannot agree that the "error in judgment” rule should be applied to preclude recovery here.
I do not dispute the existence of the broad legal proposition that recovery in negligence cannot be had for mere errors in judgment arising from the particular method that firefighters have chosen to combat a fire (see, e.g, Harland Enters. v Commander Oil Corp., 64 NY2d 708, 709; McGee v Adams Paper & Twine Co., 26 AD2d 186, affd on opn below 20 NY2d 921). Rather, my concern is with the manner in which that principle has been applied in this instance. We held in Harland Enters. v Commander Oil Corp. (supra, at 709), that "[a] fire department is not chargeable with negligence for failing to exercise perfect judgment in discharging the governmental function of fighting fires” (emphasis supplied). Our holding in Harland, however, should not be applied to preclude recovery as a matter of law in cases such as this one.
Unlike this case, Harland involved a property owner’s attempt to recoup damages caused by the manner in which a fire on its premises was fought. Although the court in Harland did not draw a clear distinction based on the plaintiff’s status as property owner, it is apparent that the holding was influenced by the general principle that, absent a special duty, a municipality is not to be held liable for judgmental errors in the exercise of its governmental functions (see, e.g., Weiner v Metropolitan Transp. Auth., 55 NY2d 175, 179; Weiss v Fote, 7 NY2d 579, 584; Kroger v City of Mount Vernon, 104 AD2d 855; Rottkamp v Young, 21 AD2d 373, affd on opn below 15 NY2d 831, cited in Harland Enters. v Commander Oil Corp., supra, *571 at 709). Significantly, the majority’s holding in this case is explicitly premised on the same "general rule” (see, majority opn, at 569), which is clearly derived from the absence of any relationship between a municipality and its citizens that might give rise to a tort duty. Inasmuch as this case involves an effort to recover by a municipal employee, to whom a duty of care is owed, Harland and the other municipal-liability cases cited by the majority are not persuasive precedent for the outcome the majority has reached.
That the municipality does owe a duty of care to the firefighters it employs is apparent from such cases as Buckley v City of New York (56 NY2d 300, affg Lawrence v City of New York, 82 AD2d 485; cf., Wolf v City of New York, 39 NY2d 568), in which the City was held liable for injuries suffered by a firefighter as a result of a co-worker’s negligence. Indeed, the holding in Buckley — that the former fellow-servant rule is no longer viable — would make little sense if the court’s intention was to preclude recovery where a firefighter’s injury resulted from the carelessness of a colleague.
This is not to suggest that I am unwilling to recognize any limits on the right of a firefighter to recover when he is injured in the line of duty as a result of the negligence of a colleague. In light of the special exigencies that firefighters face and the chilling effect that overly rigid application of negligence rules might have on the use of valid but risky fire fighting procedures, some modifications of the principles governing ordinary negligence cases are warranted when a firefighter seeks recovery for on-the-job injury. However, the profession of fire fighting is not so unique that it need be treated differently from every other profession when liability for negligent conduct is in issue. The present litigation fits comfortably within the well-settled rule which assigns to the jury the task of determining whether a claimed negligent act or omission was a pure error in judgment and immune from liability or was, instead, outside the realm of accepted practice and therefore actionable (see, PJI 2:150; see generally, Schrempf v State of New York, 66 NY2d 289, 295-296).
While the majority attempts to bring this litigation within that narrow class of cases in which a court may conclude, as a matter of law, that only an "error in judgment” was involved, it is difficult to imagine a set of facts more appropriate for resolution by a jury. Expert testimony established that the standard operating procedure is to park the fire truck in a *572 location that would both avoid ignition of the truck and furnish a barrier against oncoming traffic. The evidence also showed that the fire department’s own regulations required the establishment, as soon as possible, of "fire lines” to warn nearby pedestrian and vehicular traffic of the fire fighting site. Yet, the fire truck in this case was parked on the far side of the burning vehicle, where it could provide no protection as a barrier. And, the only semblance of a "fire line” to warn oncoming traffic of the presence of firefighters in the middle of the street was a lone officer waving a lantern beside or somewhat behind the main fire fighting operation and behind the smoke that was billowing from the burning vehicle. Certainly, a rational jury could conclude on these facts that no meaningful precautions were taken and that the failure of plaintiffs’ co-workers to erect a barrier or some sort of warning device — on a dark, smoke-beclouded urban street — was not a "mere error in judgment” but rather was a gross departure from the minimal standard of care owed by firefighters to their fellow workers (see, Cohen v Hallmark Cards, 45 NY2d 493).
At some point, a fellow firefighter’s actions must be viewed not as an exercise of imperfect or even poor judgment, but rather as a failure to exercise any judgment at all. A contrary rule would not only deprive firefighters engaged in hazardous activities of the protections that our tort law was designed to afford, but it would also expose them to greater risks by minimizing their employers’ incentive to encourage the exercise of reasonable care. Since this is a case in which the jury, which was properly instructed on the "mere judgment” rule, could well find an absolute failure to exercise judgment or to act within the constraints of professional fire fighting standards, I would reverse the order of the Appellate Division and reinstate the jury’s liability verdict against the City.
Chief Judge Wachtler and Judges Simons, Kaye, Hancock, Jr., and Bellacosa concur with Judge Alexander; Judge Titone dissents and votes to reverse in a separate opinion.
Order affirmed, etc.