Titone, J.
(dissenting). The majority concludes that the "firefighter rule” bars plaintiff from suing the municipality for injuries sustained in a line-of-duty car accident caused by a coworker. The Court then addresses the viability of the claimed "separate and distinct” exception to that rule. In my view, however, the pivotal inquiry should be whether the "firefighter rule” has any application at all to this co-worker negligence suit. Notably, the "firefighter rule” has not previously been applied in New York to bar recovery for line-of-duty injuries occasioned by the plaintiff’s fellow servant. Rather, this type of claim has been permitted and is directly governed by an independent line of cases, the vitality of which *593 has recently been confirmed in our decisions in Kenavan v City of New York (70 NY2d 558) and McCormack v City of New York (80 NY2d 808). Moreover, no compelling policy justification exists for penalizing police officers and firefighters —solely because of the occupation they have chosen — for the carelessness of their fellow servants by barring their recovery under an extension of the "firefighter rule”. Indeed, application of the "firefighter rule” to co-worker negligence cases will lead to exactly the type of unjustifiable hardship that this Court attempted to avoid when it abolished the "fellow-servant” rule in Buckley v City of New York (56 NY2d 300). Accordingly, I respectfully dissent.
The majority has affirmed the Appellate Division’s application of the "firefighter rule” as a common-law bar to plaintiff’s suit. However, the "firefighter rule”, which precludes firefighters and, after Santangelo v State of New York (71 NY2d 393), police officers from recovering for line-of-duty injuries caused by "negligence in the very situations that create the occasion for their services” (id., at 397), has never been applied to bar a suit where the tortfeasor was a co-worker of the injured plaintiff. Indeed, every case in which the rule has previously been applied has involved negligent acts committed by a third party, such as an escaping criminal or the owner of land to which the officer or firefighter is summoned in an emergency (see, Santangelo, supra [suit against hospital staff for negligent supervision of mental patient who injured police officer during attempted escape]; Sciarrotta v Valenzuela, 182 AD2d 443 [suit against negligent driver who struck police officer directing traffic]; Maisch v City of New York, 181 AD2d 467 [suit by police officer against owner of premises for negligent maintenance of steps]; Furch v General Elec. Co., 142 AD2d 8 [claim by firefighter against contractors whose negligent construction of office building caused toxins to be released throughout burning building]).
The majority suggests that the "firefighter rule” was applied in Pascarella v City of New York (146 AD2d 61, lv denied 74 NY2d 610) to bar a claim against the City based "on the negligence of other police officers in failing to follow instructions for bomb disposal” (see, majority opn, at 590). However, the Court’s dismissal of plaintiff Pascarella’s claim was not predicated on the "firefighter rule”. The plaintiff police officer, injured when a terrorist bomb exploded outside the police headquarters, sued the municipality on the ground that the agency’s creation of a written internal procedure for handling *594 a bomb threat created a special duty owed by the municipality to the plaintiff which provided an exception to the municipality’s general immunity from negligence claims. The Appellate Division held that the police agency did not create a special relationship with its employees which would render it liable to them for negligence whenever it adopts internal policies which it fails to adhere to. The Court also held that even had the supervising officer exercised poor judgment in failing to deploy a bomb squad under existing departmental guidelines, such policy determinations were insulated from liability under Kenavan v City of New York (supra), which held that discretionary decisions made by fellow officers in the exercise of their professional judgment are not actionable in tort. Pascarella thus concerned only the application of two separate aspects of the governmental immunity doctrine; the "special duty” rule and the "immunity for discretionary decisions” rule (see, e.g., Tango v Tulevech, 61 NY2d 34).* Regardless of how this lower court case is characterized, this Court has not previously applied the "firefighter rule” to negligence suits based on the conduct of a fellow servant.
That the "firefighter rule” has not previously been applied to bar actions predicated on co-worker negligence is no accident. In fact, an independent line of cases has developed to govern the exact circumstance where the negligence complained of is attributable to a "fellow servant”. However, for reasons which are not apparent, the majority disregards this line of cases, which removed any common-law impediment to such recovery. The existence of this peculiarly applicable precedent renders the majority’s extension of the "firefighter rule” an unwarranted intrusion on settled principles without compelling justification.
The onerous "fellow-servant” rule, which developed at common law to preclude respondeat superior claims against an employer by an employee injured in the workplace due to the negligence of a co-worker, was abolished by this Court in Buckley v City of New York (56 NY2d 300, supra) on the ground that it worked "an unjustifiable hardship upon individuals injured in the workplace” (id., at 305). Focusing on the role of the employer, we reasoned that it was illogical to *595 permit a third party, but not an employee, to recover from the employer for the negligence of a co-worker where "in both instances the employer might have avoided the injury by selection of more careful employees” (id., at 303). Indeed, the Buckley Court acknowledged that "the class of persons most frequently endangered by the negligence of an employee — his fellow workers — should not, without compelling reason, be denied a remedy accorded to the general public” (id., at 303).
Significantly, both Buckley and its companion case (Lawrence v City of New York, 56 NY2d 300) involved line-of-duty injuries sustained by members of the City’s uniformed services. Yet, the Court did not feel called upon to apply the "firefighter rule” as a bar to recovery, even though that rule had been in existence for at least 14 years (see, McGee v Adams Paper & Twine Co., 20 NY2d 921, affg 26 AD2d 186). It could be argued that the absence of a reference to the "firefighter rule” in Buckley is unsurprising in that the preSantangelo case involved an injured police officer, and the "firefighter rule” was not legally applicable to police officer claims until Santangelo extended it. However, the same cannot be said about the companion case, Lawrence v City of New York, in which the injured plaintiff was a firefighter. Presumably, if the "firefighter rule” was never limited to claims against third-party tortfeasors such as landowners, it would have been applied in Lawrence to bar the firefighter’s attempt to recover for line-of-duty injuries. The fact that the rule was not applied — or even mentioned — suggests that it was at that time assumed to have no application in the context of a suit brought to remedy the negligence of a co-worker.
That nothing since Buckley has altered the law in this area is confirmed by this Court’s recent formulation of the law governing firefighters’ and police officers’ negligence suits against municipal employers. In Kenavan v City of New York (70 NY2d 558, supra), a case involving a firefighter’s line-of-duty injuries, we specifically relied on Buckley to support our ruling that "[although a municipality may be held liable for injuries suffered by a firefighter caused by the negligence of a fellow firefighter (see, e.g., Buckley v City of New York, 56 NY2d 300, 305 * * *), liability will not be imposed where the firefighter’s conduct involves the exercise of professional judgment” (id., at 569 [emphasis supplied; some citations omitted]). Plainly, the italicized language would not have been a true statement of the law if, as the majority asserts, the "firefighter rule” has always barred recovery for line-of-duty injuries *596 caused by co-workers’ negligence. Moreover, if the majority’s assertion were correct, the qualifying rule articulated in Kenavan — i.e., that "liability will not be imposed where the [coworker’s] conduct involves the exercise of professional judgment” — would have been completely superfluous. In fact, the Pascarella case, so heavily relied upon by the majority to support its proposition that the "firefighter rule” also governs line-of-duty injuries caused by a co-worker, similarly recognized that a municipality could be responsible under the doctrine of respondeat superior "for acts committed by its employees in the scope of their employment” (146 AD2d, at 68).
Without explanation, the majority concludes that its decision today is entirely consistent with the holdings in Kenavan and McCormack because in those cases "the claims against the municipality were dismissed for a different and unrelated reason” — on the basis of governmental immunity from judgmental errors (majority opn, at 592). However, this leap in logic is belied by the express language in Kenavan, which states that unless the injury-producing conduct involved an act of professional judgment, a municipality may otherwise be held liable for "injuries suffered by a firefighter caused by the negligence of a fellow firefighter” (70 NY2d, at 569). Indeed, if the "firefighter rule” bars recovery for all line-of-duty injuries regardless of the source of the negligence, as the majority holds, application of the governmental immunity doctrine to bar a suit where the colleague’s official action involves the exercise of expert judgment in policy matters would be unnecessary.
Similarly, implicit in our later holding in McCormack v City of New York (80 NY2d 808, supra), that a plaintiff police officer could not recover for injuries occasioned by a commanding officer’s discretionary act, is the converse conclusion that negligent acts of co-workers not involving the exercise of professional judgment constitute actionable conduct. Once again, had we considered the "firefighter rule” a general bar to recovery for line-of-duty injuries, we would have had no need in McCormack to discuss whether the allegedly negligent police officer’s conduct was immune from liability because it was classifiable as the exercise of professional judgment.
In view of the holdings and analysis in Buckley, Kenavan and McCormack, the majority’s application of the "firefighter rule” in this context can only be regarded as a dramatic *597 extension of that rule and a significant departure from past precedent. While altering the common-law’s status quo is certainly a prerogative of this, the State’s highest Court, I cannot agree that there are sound reasons for doing so here.
Attempting to limit the far-reaching effect of its holding, the majority states that the "firefighter rule” "does not preclude all causes of action against a municipality for injuries resulting from a fellow police officers’ negligence”, but only those in which the injuries are "related to the dangers that are associated with police functions” (majority opn, at 591). However, the majority fails to explain what "obvious” category of cases would involve injuries during work performance which are "wholly unrelated to the assumed risks of police duty” (majority opn, at 592). By definition, all cases of "fellow-servant” negligence will inherently involve injury "associated with police functions” because the municipality can only be held liable on respondeat superior theories for an employee’s negligent conduct that occurs during the scope of employment, i.e., during crimefighting or firefighting. Thus, despite the majority’s protestation, it is hard to imagine any instance where the majority’s holding would not bar recovery for a fellow-servant’s negligence.
The underlying rationale for the firefighter rule is that public funds should not be used to pay damages for line-of-duty injuries sustained by firefighters and police officers who are "experts engaged, trained and compensated by the public to deal on its behalf with emergencies and hazards often created by negligence” (Santangelo, supra, at 397). The majority concludes that the "firefighter rule” bars claims based on the negligence of third parties and fellow servants alike because '' 'persons who choose to become firefighters assume the risks of fire-related, injuries, including the risk of negligence of property owners and occupants in maintaining their premises’ ” (majority opn, at 589, quoting Santangelo, supra, at 397 [emphasis added]). However, while the italicized language may support the conclusion that police officers and firefighters assume the risks inherent in fighting crime and fires, it does not follow from those terms that police officers and firefighters analogously assume the additional and entirely separate risks associated with the carelessness of their co-workers. Those risks are certainly not part of the hazards that police and firefighters expect to encounter in the ordinary course of their employment.
*598 As between a negligent member of the general public and a trained police officer or firefighter, losses due to negligence at the scene of the emergency should be assumed by the trained expert. However, no similar policy consideration justifies application of that rule where the plaintiff and the tortfeasor are presumably equally trained, and where the plaintiff, a passenger in a negligently driven police car, had no more opportunity than a member of the general public would have had to employ any special skills to avoid injury. Where the tortfeasor is a co-worker employed by a municipality, the burden should be placed on the municipal employer engaged in the selection and training of its personnel because that entity is in the best position to avoid the injury. The loss should not be borne by the injured police officer who exercises no control over his or her negligent co-worker. Notably, the majority’s extension of the "firefighter rule” to these facts to all but eliminate the common-law right to recover for line-of-duty injuries, as well as its summary rejection of the "separate and apart” exception, is inconsistent with a trend in other jurisdictions towards limiting application of the rule by creating exceptions for independent acts of negligence or willful and wanton conduct (see, e.g., Garcia v City of S. Tucson, 131 Ariz 315, 640 P2d 1117, 1120; Rose v City of Los Angeles, 159 Cal App 3d 883, 206 Cal Rptr 49; Winn v Frasher, 116 Idaho 500, 777 P2d 722; Pottebaum v Hinds, 347 NW2d 642 [Iowa]; Griffith v Southland Corp., 94 Md App 242, 617 A2d 598; Wagener v Burmeister, 858 SW2d 865 [Mo]; Gould v George Brox, Inc., 137 NH 85, 623 A2d 1325; Mahoney v Cams Chem. Co., 102 NJ 564, 510 A2d 4).
Ultimately, the majority here has effectively revived the "fellow-servant” rule abolished in Buckley (supra) by denying police officers and firefighters, as a class, the right to maintain a common-law action against the municipal employer for line-of-duty injuries caused by a co-worker. Contrary to the majority’s suggestion that I am urging a " 'fellow-servant exception’ ” to the "firefighter rule” (see, majority opn, at 591), my position is that the "firefighter rule” has always been an exception to the general rule of liability established in Buckley, and should continue to be an exception, not the general rule. Unfortunately, the majority’s holding removes from those agencies entrusted with the crimefighting and firefighting functions the incentive to carefully select and train public servants carrying out those tasks, and may destroy the trust between fellow firefighters and police officers *599 that is so critical. Accordingly, because no compelling policy or case-law justification exists for penalizing police officers and firefighters for the carelessness of their fellow servants by extending the "firefighter rule” to co-worker negligence cases, I would reverse the Appellate Division order dismissing the complaint and reinstate plaintiffs verdict.
Chief Judge Kaye and Judges Simons and Bellacosa concur with Judge Hancock, Jr.; Judge Titone dissents and votes to reverse in a separate opinion; Judge Smith taking no part.
Order affirmed, with costs.

 The bar to plaintiffs claim in Buckley v City of New York (176 AD2d 207, lv denied 79 NY2d 757), also cited by the majority (see, majority opn, at 589) was ultimately based not on the firefighter rule, but on the fact that the alleged act of negligence involved the exercise of poor judgment by a superior, which is not actionable under Kenavan v City of New York (supra).