Louis L. Friedman, J.
In this action, based upon section 205-a of the General Municipal Law, arising out of an accident which occurred on January 31, 1956, plaintiff moves for summary judgment. Defendants cross-move for like relief predicated on their defense of general release and res judicata.
In a prior negligence action, arising out of the same accident, brought by the same plaintiff against the same defendants, a jury verdict for the defendants was affirmed by the Appellate Division (9 A D 2d 927) but reversed by the Court of Appeals and a new trial ordered (9 N Y 2d 202). When the action came on again for trial; a settlement was arrived at and pursuant to the terms of such settlement, the defendants confessed judgment in the sum of $27,500. This amount has been paid in full and the judgment has been discharged of record.
Section 205-a of the General Municipal Law, which is the crux of the present complaint, gives a cause of action to a fireman injured in the course of his duty by failure of persons to comply with the requirements of any ordinance or statute. As was pointed out in Gannon v. Royal Props. (285 App. Div. 131, affd. without opinion 309 NT. Y. 819) the liability imposed by section 205-a is something special and apart from any ordinary liability grounded in negligence and requires specific assertion and submission.
Predicated upon this statement of law, it would appear that plaintiff had some basis and justification for the institution of his present action. However, the same appellate court in Hawkins v. Dec-Art Co. (12 A D 2d 612) which had before it an analogous situation to the present one before this court, held: “ The complaint in the original action and the basis on which that action was tried contemplated a recovery not only on common-law negligence but also on statutory grounds. * * *
The complaint was broad enough and the facts adduced sufficient to allow for a determination thereof. * * * In any event the original complaint being sufficiently comprehensive to-include liability under section 205-a of the General Municipal Law, he may not again in a new action retry that issue there presented.”
A comparison of both complaints under consideration as well as the bill of particulars in the original lawsuit, readily establishes that plaintiff, a fireman, was injured while returning from a fire when his vehicle was struck by the defendants’ vehicle. In both pleadings the defendants are charged with their failure to give the right of way to an official fire department vehicle. This appears in paragraph seventh of the original complaint, paragraph 5 of the bill of particulars, and paragraph eighth *899 of the complaint under attack. In fact, the original bill of particulars, in its amplification of the original complaint, alleged and set forth all the statutes and regulations which it was claimed the defendants violated. Apparently the only difference between the two complaints is that the present one appears to be founded solely upon statute.
An examination of the Hawkins v. Dec-Art Co. (supra) record on appeal shows that the plaintiff there cited the Gannon case (supra), together with other authorities cited by the instant plaintiff, in support of that plaintiff’s contention that he had a right to assert an additional cause of action under the provisions of section 205-a of the General Municipal Law. The Appellate Division reached its conclusion despite the holding of such other authorities.
The Eawhins case holds affirmatively that plaintiff may not recover in this action. Plaintiff has already received a substantial recovery predicated upon the failure of the defendants to comply with the statute which directed that they yield the right of way to plaintiff’s fire department vehicle. He has already asserted the violations of the statute as at least a partial basis for his claim that the defendants were negligent. He should not be permitted to retry the same issue. The intent of section 205-a seems to have been to give to an injured fireman who was injured by reason of the failure of persons to comply with the requirements of an ordinance or statute, and who might not otherwise have a cause of action in negligence, a recovery nevertheless in an amount of not less than $1,000. It was never intended that such a plaintiff should be allowed to recover in a negligence action by reason of the violations of the statute, and recover additionally for such violations under section 205-a of the General Municipal Law. Permitting such a second recovery would be tantamount to an abuse of the intent and purpose of the section.
Accordingly, plaintiff’s motion for summary judgment is denied and defendants’ cross motion to dismiss the complaint is in all respects granted.