■ JOSEPHINE BRAZINSKI, as Administratrix of the Estate of LAWRENCE BRAZINSKI, Deceased, Appellant, v. CITY OF COHOES, Respondent.— This is an appeal from an order of the Supreme Court, Albany County, dismissing the complaint at the end of plaintiff's case for failure to prove facts sufficient to constitute a cause of action. The specific reason for such dismissal was failure

of the plaintiff to prove, as a matter of law, that the defendant was responsible for the act which caused the death of plaintiff's intestate. On this appeal we are to determine whether or not the evidence presented any issue of fact; and in reviewing the evidence the plaintiff is entitled to an admission of all facts presented and any fair inferences in her favor which may be drawn from the record as to the defendant's responsibility. (*Kraus* v. *Birnbaum,* 200 N. Y. 130.) For the purposes of this appeal, the record shows the following to be the facts. The decedent, an ex-fireman, heard the fire whistles blow on the evening of August 30, 1958 and immediately went to the vicinity of the fire. The fire was contained within a one block area, but it was of such a size and nature that a general alarm was sounded by the defendant's acting fire chief. This area is bounded on the east by Mohawk Street, on the west by Remsen Street, on the north by Oneida Street and on the south by St. John Street. It appears that there were five pumpers attached to hydrants at the time of the accident, one at the intersection of Remsen and St. John; one at the intersection of Oneida and Remsen; one at the intersection of Oneida and Mohawk; one at the intersection of Seneca and Mohawk (one block south of St. John Street); and one at the intersection of Ontario and Mohawk (two blocks south of St. John Street). It further appears that at the time of the accident there were several fire departments other than defendant's present in the area, but that only one had a pumper in use and that was the Maplewood Department located two blocks south of St. John Street and on a corner of Mohawk Street. At the time of the accident, the deceased was standing upon the sidewalk on the southerly side of St. John Street. Just before the accident some firmen, not members of the defendant's fire department, brought a hose down St. John Street from the direction of Remsen Street and attempted to raise this hose to the top of a building behind the deceased. It appears that as the line was being raised, one of the pumpers turned water into this hose, and as a result of the sudden pressure the line fell, and then swayed hitting the deceased and causing his death. The complaint, in the third paragraph thereof, charges a multitude of omissions ranging from the purported failure of defendant to properly supervise the decedent in operating and using the equipment to the purported failure of the defendant to have a sufficient number of employees raise the line to the roof of the building. However, the plaintiff, in her brief, limits the issue of negligence to the following: " It is the position of the plaintiff-appellant that the proximate cause of the accident was not the handling of the hose involved nor its elevation up the face of the building but rather the application of water pressure when the hose was in precarious position." There can be no doubt from this record that the hose was attached to a pumper and it is readily inferrable that the turning of pressure into the hose before it was under the control of the unidentified firemen caused the demise of plaintiff's intestate. The question before the court then is a very narrow one and that is whether or not the plaintiff has introduced any testimony which would connect the turning on of water pressure with the defendant. The defendant urges first that there was no duty on the part of the defendant toward the deceased. However, it appears from the record that at the time of the accident the deceased was upon a public street and that the defendant had made no attempt to block off this street. Since this is a wrongful death case, the issue of contributory negligence is not before this court until the defendant has put in some proof. It cannot be said as a matter of law that a city is not responsible for the negligence of its fire department (*Schuster* v. *City of New York,* 5 N Y 2d 75) and causing a hose to flail about is an obvious danger. The second argument of the defendant is that the act was not one caused by it, but rather it was caused by unidentified personnel, not members of the Cohoes Fire Depart-

ment. In *Tillson* v. *Kuhner* (283 App. Div. 604, 608) the court said: "The fire district * * * would be responsible for the negligence of the other district firemen only if they were under its authority or control." The defendant does not argue that it would not be liable if it had assumed control and authority over the personnel and equipment responsible for the accident. As noted above, the record contains testimony that there were only five pumpers in use at the time of the accident. The record further shows that the line in question could not have been attached to a Cohoes pumper. The record establishes that the defendant directed that the only other pumper, belonging to Maplewood, be attached to a hydrant and supervised the laying of the line therefrom. This assumption of control was not general enough to make the defendant liable for the act of Maplewood in prematurely charging the hose. In our determination we are aware that this is a death case and the general rule as stated in *Noseworthy* v. *City of New York* (298 N. Y. 76, 80) is that "in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence". Here the record is barren of any evidence connecting the City of Cohoes Fire Department with the personnel engaged in transporting and raising the hose, with the ownership of the hose or with the issue upon which the plaintiff relies, the actual source of the water supply and the person or persons responsible for the application of water pressure when the hose line was in a precarious position. The problem in this case in that the defendant is in no better position than the plaintiff to explain who was responsible for the commission of the negligent act. The employees of the defendant have all testified on the plaintiff's case to a lack of knowledge and in order to impose liability against the City of Cohoes, this proof was not only necessary but vital. Judgment and order affirmed, without costs. Coon, J. P., Gibson, Herlihy and Reynolds, JJ., concur.