■ Richard Citowitz et al., Respondents, et al., Plaintiffs, v City of New York et al., Appellants-Respondents. (Action No. 1.) Walter Mischke et al., Respondents, v City of New York et al., Appellants-Respondents. (Action No. 2.) Alfred Bold et al., Respondents-Appellants, v City of New York et al., Appellants-Respondents, et al., Defendants. (Action No. 3.) Thomas J. Kilkenny et al., Respondents, v Mobil Oil Corporation et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. City of New York, Third-Party Defendant-Respondent-Appellant. (Action No. 4.)—In consolidated actions to recover damages for personal injuries, etc., defendants Mobil Oil Corporation, Walter Block and the City of New York appeal from (1) an order of the Supreme Court, Queens County, dated May 14, 1979, which set aside so much of the jury verdict as found plaintiffs guilty of contributory negligence and (2) an interlocutory judgment of the same court entered May 24, 1979, which is in favor of plaintiffs and against them upon a jury verdict, after a trial limited to the issue of liability only. Plaintiffs Bold cross-appeal from so much of the interlocutory judgment as reflects the trial court's dismissal of the cause of action against Mobil Oil and Block predicated on a theory of statutory liability under section 205-a of the General Municipal Law. Interlocutory judgment and order affirmed, with one bill of costs payable jointly to plaintiffs appearing separately and filing separate briefs. The male plaintiffs were firemen who were injured by an explosion in their firehouse on May 14, 1974, as defendant Block, an employee of defendant Mobil Oil finished making a delivery of gasoline. The jury's finding of negligence with respect to the defendants was supported by a preponderance of the credible evidence in the record. The trial court properly set aside the jury verdict insofar as it found plaintiffs contributorily negligent. While there is no doubt that the firemen used an unorthodox procedure in accepting gasoline deliveries, the procedure was necessitated by the negligence of the city in improperly maintaining a shaft through which gasoline fumes were to be vented. Moreover, the city had been informed by the officers of the fire company of the defective condition and

failed to take adequate steps to correct it. Under these circumstances, it cannot be said that plaintiffs were guilty of contributory negligence. The trial court properly dismissed the Bolds' cause of action against Mobil Oil and Block predicated on section 205-a of the General Municipal Law. Section 205-a is directed only at property owners and those in control of property which is involved in a fire-fighting operation *(Gerhart v City of New York,* 56 AD2d 790, mot for lv to app den 42 NY2d 810). We have considered the other contentions of the defendants-appellants and find them to be without merit. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.