■ DAVID SUSSMAN, Individually and as Administrator of the Estate of FREIDA SUSSMAN, Deceased, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. — In an action, *inter alia*, to recover damages for wrongful death, plaintiff appeals from an order of the Supreme Court, Kings County (Pino, J.), dated April 29, 1981, which granted the defendant City of New York's motion for summary judgment and dismissed the complaint as against that defendant. Order affirmed, with $50 costs and disbursements. Plaintiff seeks to recover damages resulting from the alleged negligence of the New York City Fire Department in responding to a fire in plaintiff's apartment. Special Term properly dismissed the complaint as against the city. A municipality cannot be held liable for failure to provide adequate fire protection to an individual absent the existence of a special relationship between that individual and the municipality. (*Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175, 180; *Florence v Goldberg,* 44 NY2d 189, 195.) Damiani, J. P., Titone, Mangano and Brown, JJ., concur.

■ MARGARET A. WILLIAMS, Respondent, v JAMES R. WILLIAMS, Appellant. — In a matrimonial action, the defendant husband appeals from (1) so much of an order of the Supreme Court, Westchester County (Ferraro, J.), dated August 24, 1981, as (a) denied his motion to compel plaintiff to execute a contract of sale and deed conveying to him her interest in the marital home, and for a counsel fee, and (b) *sua sponte* ordered the parties to select a new appraiser, and (2) a further order of the same court, entered January 19, 1982, which denied his motion for reargument. Appeal from the order entered January 19, 1982 dismissed. No appeal lies from an order denying reargument. Order dated August 24, 1981 reversed, insofar as appealed from, on the facts, the *sua sponte* direction is deleted and defendant's motion is granted to the extent of compelling plaintiff to execute a contract of sale and thereafter a deed for her interest in the marital home. Plaintiff's time to execute a contract of sale is extended until 30 days after service upon her of a copy of the order to be made hereon, with notice of entry. Defendant is awarded one bill of $50 costs and disbursements. Upon examining the record, we conclude that the appraiser, who was mutually selected by the parties, clearly met the experience requirements of the stipulation of the parties with respect to the division of the marital property. Consequently, the stipulation should be enforced by requiring plaintiff to sell her interest in the marital home to defendant at the appraised market value of the house. Damiani, J. P., Titone, Mangano and Brown, JJ., concur.