■ HARLAND ENTERPRISES, INC., Doing Business as HOLLAND ASSOCIATES, et al., Plaintiffs, v COMMANDER OIL CORP., Appellant, et al., Defendant, and WESTBURY FIRE DEPARTMENT OF THE WESTBURY FIRE DISTRICT, Respondent. (And Three Other Actions.) — In a negligence action to recover damages allegedly sustained as a result of a fire occurring at plaintiffs' warehouse, defendant Commander Oil Corp. appeals from so much of an order of the Supreme Court, Nassau County (Vitale, J.), dated December 2, 1982, as granted that part of defendant Westbury Fire Department of the Westbury Fire District's motion for summary judgment dismissing Commander Oil Corp.'s cross claims against it. Order affirmed insofar as appealed from, with costs. On February 25 and 26, 1980, a fire completely destroyed plaintiffs' warehouse located in Westbury, New York. The instant action ensued. Plaintiffs and cross claimant defendant Commander Oil Corp. alleged that defendant Westbury Fire District's methods of fighting the fire were negligent. Specifically, it was alleged that the fire department (1) failed to fight the fire at its source, at the northeast corner of the building; (2) failed to vent the fire by cutting holes in the roof; and (3) opened fire doors in the center of the warehouse complex which allegedly caused the fire to spread throughout the building. Special Term granted the Westbury Fire District's motion for summary judgment and dismissed the complaint and cross claim against it. First, we note that the failure to fight the fire at its source and the failure to cut holes in the roof are acts of omission, for which there can be no cause of action against a fire department, absent a special duty (see *O'Connor v City of New York,* 58 NY2d 184; *Weiner v Metropolitan Transp. Auth.,* 55 NY2d 175; *Messineo v City of Amsterdam,* 17 NY2d 523; *Steitz v City of Beacon,* 295 NY 51; *Sussman v City of New York,* 88 AD2d 993; *Vogel v Liberty Fuel Corp.,* 52 AD2d 667). Second, there can be no cause of action against a fire department for alleged negligence in the methods it uses to fight a fire, absent the assumption of a special duty (see *Haehl v Village of Port Chester,* 463 F Supp 845; *Sussman v City of New York, supra; La Duca v Town of Amherst,* 53 AD2d 1011; *Hughes v State of New York,* 252 App Div 263; see, also, *McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 198, affd 20 NY2d 921). Therefore, defendant Commander Oil Corp.'s cross claims were properly dismissed. With

respect to the claim that the fire district was negligent in failing to respond when the fire rekindled, there can be no cause of action for such alleged negligence (see *Messineo v City of Amsterdam, supra*). Gibbons, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.