■ JAMES M. KIERNAN, Respondent, v CITY OF NEW YORK et al., Respondents, and SALVATORE RUSSO, INC., Appellant. — Order, Supreme Court, New York County (Burton S. Sherman, J.), entered December 23, 1983, denying the motion of defendant Salvatore Russo, Inc., for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion for summary judgment dismissing the complaint is granted. ¶ The plaintiff, a fireman, sustained injuries when a retaining wall along which he was walking gave way while he was attempting a rescue at 434 East 115th Street. The complaint sets forth two causes of action against several defendants, one alleging negligence and the other asserting a violation of section 205-a of the General Municipal Law. ¶ The defendant Salvatore Russo, Inc. (Russo) appeals from the order denying its motion for summary judgment dismissing the complaint, Special Term finding that there were triable issues of fact. We disagree, and accordingly reverse and grant Russo's motion for summary judgment dismissing the complaint. ¶ The action against Russo is based upon emergency demolition work done by that company at the adjoining property, 438 East 115th Street, some three years prior to the event resulting in plaintiff's injuries. The work was done under the supervision of representatives of several New York City departments. It did not involve any work on the retaining wall in question, nor is there any evidence that Russo did any work on that wall, which had previously been the subject of repair work by the property owner. Nor is there a scintilla of evidence that the demolition work in any way affected or impaired the wall. The action against Russo rests entirely on vague speculation and conjecture, insufficient in our view to raise a triable issue of fact. ¶ The second cause of action against Russo, asserting an alleged

violation of section 205-a of the General Municipal Law, is dismissible for an independent reason. That section has been authoritatively interpreted as applying only to property owners or those who are in control of the property. (*Gerhart v City of New York,* 56 AD2d 790, mot for lv to app den 42 NY2d 810; *Citowitz v City of New York,* 77 AD2d 642.) We are not persuaded that demolition work on real property some three years prior to an accident brings the contractor within the purview of the statute. Concur — Sandler, J. P., Sullivan, Carro, Silverman and Milonas, JJ.