■ HENRY KROGER et al., Respondents, v CITY OF MOUNT VERNON, Appellant. — In a negligence action to recover damages allegedly sustained as a result of a fire which occurred at plaintiffs' premises, defendant appeals from an order of the Supreme Court, Westchester County (Beisheim, J.), entered March 7, 1984, which denied its motion for summary judgment.

Order reversed, on the law, with costs, motion granted, and complaint dismissed.

On February 27, 1977, a building owned by plaintiffs was destroyed by fire. Plaintiffs commenced an action against the City of Mount Vernon seeking to recover damages for the loss of their property. In their complaint, plaintiffs alleged that the complete destruction of the subject premises resulted from the alleged negligence of the City of Mount Vernon Fire Department in fighting the fire. Specifically, it was alleged that the fire department (1) failed to vent the fire by cutting a hole in the roof; (2) failed to use prescribed and proper fire fighting procedures; (3) hired incompetent supervisory personnel; (4) failed to properly supervise the fire fighters present at the scene; and (5) failed to provide proper instruction to supervisory personnel on fire fighting methods.

No liability may be imposed upon a municipality for failure to provide adequate fire protection unless the municipality has assumed a special duty to the individual plaintiff (see *O'Connor v City of New York*, 58 NY2d 184, 189; *Weiner v Metropolitan Transp. Auth.*, 55 NY2d 175, 180). Special Term determined that the alleged negligence of Mount Vernon's Fire Chief in appearing at the scene in an apparently intoxicated condition and failing to heed plaintiff Henry Kroger's request to vent the fire provided a sufficient basis upon which to premise a cause of action in negligence against defendant.

We disagree. The case of *Smullen v City of New York* (28 NY2d 66), upon which Special Term based its decision, is inapposite. In *Smullen* (*supra*), the court determined that a special relationship had developed between the City of New York and the plaintiff sufficient to exempt the action from the general rule of nonliability. The plaintiff's intestate had been assured by a city sewer inspector that an over 11-foot-deep trench, which contrary to regulation, had unshored earthen walls, was safe to work in. The walls collapsed moments later killing the plaintiff's intestate.

At bar, no such affirmative assurances were made to plaintiffs. The fire department was performing its duty to the general public and not to plaintiffs as members of a special class. Even assuming Henry Kroger's determination as to the proper method for fighting the fire was more effective, the fire chief's actions in fighting the fire are within the ambit of ordinary negligence for which no cause of action against a municipality will lie (see *Harland Enterprises v Commander Oil Corp.*, 97 AD2d 785; *Sussman v City of New York*, 88 AD2d 993). Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.