■ JOHN T. LARESCA et al., Appellants, v CITY OF NEW YORK, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Lawrence, J.), dated March 8, 1983, which granted defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered thereon on April 21, 1983.

Appeal from the order dismissed, without costs or disbursements (*see, Matter of Aho,* 39 NY2d 241, 248).

Judgment affirmed, without costs or disbursements.

Plaintiff John Laresca, a former New York City fireman, alleged that while fighting a fire when he was employed by defendant City of New York, he suffered personal injuries as a result of the negligence of defendant. Plaintiffs allege that defendant was negligent in the manner in which the firemen in the hook and ladder company were delegated tasks in the fighting of the fire, in reducing the number of firemen in plaintiff John Laresca's hook and ladder company from five to four, and in failing to promptly notify a backup hook and ladder company to respond to the fire.

First, aside from plaintiffs' failure to establish any negligence in defendant's fighting of the subject fire, it is well settled that a fire fighter may not maintain an action against a municipality based upon its conduct at the scene of a fire, its tactical decisions in fighting a fire or for "failure to exercise perfect timing in matters of judgment" (*McGee v Adams Paper & Twine Co.,* 26 AD2d 186, 197, *affd* 20 NY2d 921; *see also, Harland Enters. v Commander Oil Corp.,* 97 AD2d 785, *affd* 64 NY2d 708; *Kroger v City of Mount Vernon,* 104 AD2d 855).

Second, plaintiffs failed to establish that staffing the hook and ladder company with four firemen instead of five constituted negligence. Although the first paragraph of article XXVII of the collective bargaining agreement between defendant and the Uniformed Firefighters Association establishes five fire fighters available to respond at the beginning of each tour as the norm, several guidelines contained in article XXVII, including guideline 7, which states "Vacancies during a tour due to emergency

duty or conditions beyond the Department's control shall be exempt from the foregoing minimum manning requirements", reveal that the minimum manning requirement is not an unbreakable rule.

Finally, plaintiffs offered no evidence whatsoever that the fire dispatcher was guilty of delay when the backup company was alerted. Nor did plaintiffs even allege that the time when the backup company arrived was unusually late, thus precluding any finding of negligence by Special Term.

We have considered the additional papers submitted by plaintiffs upon argument of this appeal. Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.