■ LLOYD HELMAN, Appellant, v COUNTY OF WARREN, Defendant, and SOUTH QUEENSBURY VOLUNTEER FIRE COMPANY, INC., Respondent.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Ford, J.), entered November 28, 1984 in Warren County, which granted a motion by defendant South Queensbury Volunteer Fire Company, Inc. for summary judgment dismissing the complaint against it.

Plaintiff seeks to recover damages to his business property allegedly caused by the negligence of defendant South Queensbury Volunteer Fire Company, Inc. (hereinafter defendant) in extinguishing a fire which occurred on June 27, 1980 at his property in the Town of Queensbury, Warren County.* Plaintiff essentially alleges negligence in that (1) defendant's water hose was defective causing delay in extinguishing the fire and thereby increasing plaintiff's damages, and (2) the methods used and manner of fighting the fire were improper. Special Term granted defendant's motion for summary judgment and dismissed the complaint against it in an order, without a written decision, giving rise to this appeal.

While neither party has addressed the distinctions between "district" or "municipal" fire corporations and private membership corporations in which different principles of liability for negligence may be applicable, we nonetheless hold that defendant, which is a private not-for-profit corporation, is not liable to plaintiff. We therefore affirm the order dismissing the complaint. Defendant was discharging a public function over which the municipality exercised control (Not-For-Profit Corporation Law § 1402 [e]), making the legal principles applicable to municipal or district corporations relating to fire extin-

* When this case was previously before this court, we reversed an order denying a motion by defendant County of Warren for summary judgment, and granted an order dismissing the complaint as against that defendant. The underlying facts may be found in that decision *(Helman v County of Warren,* 111 AD2d 560).

guishment equally applicable to defendant *(see,* Not-For-Profit Corporation Law § 1402 [e] [municipality has control over company]; 40 NY Jur, Municipal Corporations, § 1016 [1965]). Under such principles, no liability may be imposed for failure to provide adequate fire protection unless a municipality has assumed a special duty to the individual plaintiff *(Kroger v City of Mount Vernon,* 104 AD2d 855, 856; *Sussman v City of New York,* 88 AD2d 993). The Court of Appeals has recently instructed that liability for negligence does not inure "for failure to exercise perfect judgment in discharging the governmental function of fighting fires" *(Harland Enters. v Commander Oil Corp.,* 64 NY2d 708, 709). The asserted acts of negligence herein, i.e., use of inadequate equipment and the improper direction of the flow of the water from the front to the rear of the building, indubitably fall within the ambit of ordinary negligence for which defendant may not be held liable *(supra; Steitz v City of Beacon,* 295 NY 51, 54-55; *Kroger v City of Mount Vernon, supra,* p 856). Accordingly, Special Term properly granted defendant's motion for summary judgment dismissing the complaint against it.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.