■ ELTON SMITH et al., Appellants, v CITY OF NEW YORK, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Pino, J.), dated July 23, 1985, which, at the close of the plaintiffs' case, granted the defendant's motion to dismiss the complaint.

Judgment affirmed, without costs or disbursements.

On October 14, 1982, the plaintiffs Elton Smith and John Leonard, who were employees at Kings County Hospital Center, were taken hostage in their basement locker room by an inmate of the Brooklyn House of Detention. The inmate, who had been taken to the hospital for treatment of a broken wrist, escaped from the custody of two armed correction officers while being transported from a second-floor clinic to the basement holding area of the New York City Department of Corrections. As a result of the incident, these plaintiffs allegedly sustained emotional and physical injuries.

At the close of the plaintiffs' case, the Trial Judge granted

the defendant's motion to dismiss the complaint on the ground that the plaintiffs had failed to establish the existence of a special relationship between themselves and the New York City Department of Corrections, as agents of the defendant, which would have created a specific duty to protect them from the dangers posed by an escaped inmate *(see, Miller v State of New York,* 62 NY2d 506, 510; *Florence v Goldberg,* 44 NY2d 189, 195). In addition, the court ruled that the plaintiffs failed to make out a prima facie case that the defendant had acted negligently.

The plaintiffs contend, *inter alia,* that by promulgating rules and regulations designed to minimize the exposure of inmates to the "regular patient population, staff and visitors", the defendant assumed a special duty to protect hospital employees from inmates brought to the hospital for treatment. They further argue that such protection was relied upon by the plaintiffs to their detriment.

However, due in part to the fact that the plaintiffs themselves never testified, no evidence was adduced which would indicate that the plaintiffs did, in fact, rely to their detriment upon any representation that the defendant had undertaken a duty to protect them. Because such detrimental reliance must be established before a municipality may be cast in damages for its allegedly negligent acts or omissions *(see, De Long v County of Erie,* 60 NY2d 296, 304; *Florence v Goldberg, supra,* p 195), the trial court properly dismissed the complaint.

Further, the alleged negligence in this case was the method used to restrain the inmate who, because of his broken arm, could not have been handcuffed in the usual manner. The decision to employ the restraint method used was a discretionary one made by a Department of Corrections captain who was the supervisor of the transporting officers, and the defendant may not be held liable for that determination *(see, e.g., O'Connor v City of New York,* 58 NY2d 184; *Kroger v City of Mount Vernon,* 104 AD2d 855).

Because the complaint was properly dismissed for the foregoing reasons, we need not pass upon the plaintiffs' other contentions. Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.