*564 OPINION OF THE COURT
Alexander, J.
On January 24, 1976, at approximately 8:00 in the evening, plaintiffs, Ogno, Kenavan, Costello and Volpicella, under the supervision of Captain Verdonik — all members of the New York City Fire Department — were dispatched to extinguish a fire that had ignited in a vehicle abandoned on 37th Street between 7th and 9th Avenues in the Sunset Park section of Brooklyn. Upon reaching the scene, Ogno, the chauffeur, pulled the fire engine past the abandoned car and parked. While his team doused the fire, Captain Verdonik positioned himself in the middle of the road, parallel to the burning car, waving a lantern to warn oncoming traffic. Despite the light from Verdonik’s lantern and from the fire engine, heavy smoke from the burning car reduced visibility between the fire operation and the oncoming traffic. Within minutes, the firefighters had brought the fire under control; at that moment— or perhaps seconds later — Verdonik saw a pair of headlights bearing down on him and his fellow firefighters. When the headlights appeared to accelerate rather than slow down, Verdonik turned to warn his crew, but to no avail. The approaching vehicle, driven by defendant Gardell,* continued headlong into the cloud of smoke striking Verdonik and each of the other firefighters, and crashed into the back of the fire engine. Four of the firefighters were seriously injured and one, *565 Kenavan, was killed. Gardell, who was convicted by a jury of reckless manslaughter and assault prior to the instant civil suit, testified that he never saw a fire engine, lights or any firefighters.
 Plaintiffs brought these actions, asserting liability against the City under General Municipal Law § 205-a, under common-law negligence for having failed to remove the abandoned car, and under common law for the negligence of Ogno in failing to properly park the fire truck, and of Verdonik in failing to establish "fire lines” to protect the fire crew from oncoming trafile. At the close of evidence, the City’s motion to dismiss the complaints was denied, and the case was submitted to the jury. The jury unanimously found the City liable, apportioning culpability 70% to the City, 20% to Gardell, 4% to Verdonik, and 6% to Ogno. Insofar as relevant on this appeal, the Appellate Division reversed the judgment on the law and the facts and dismissed the actions against the City. For the reasons that follow, we now affirm.
Plaintiffs argue that the Appellate Division erred in dismissing their cause of action against the City under General Municipal Law § 205-a which provides in part that: "In addition to any other right of action or recovery under any other provision of law, in the event any accident, causing injury [or] death * * * directly or indirectly as a result of any * * * negligence of any person * * * in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments or of any and all their departments, divisions and bureaus, the person * * * guilty of said neglect * * * shall be liable to pay any * * * employee of any fire department injured * * * while in the discharge * * * of any duty imposed by the * * * superior officer”. According to plaintiffs, the City failed to remove the abandoned car in violation of Vehicle and Traffic Law § 1224, Administrative Code of the City of New York, chapter 31, § 755 (4)-3.0 (a), and General Order No. 5 of the New York City Department of Sanitation — all of which impose a duty on the City to promptly remove abandoned vehicles from the roadways — and these violations resulted "directly or indirectly” in their injuries, triggering liability under section 205-a. Relying on McGee v Adams Paper & Twine Co. (26 AD2d 186, affd 20 NY2d 921), the Appellate Division rejected this argument, holding that those "legal requirements are not fire preventive in nature” and that recovery under General Municipal Law § 205-a is *566 limited to instances where a "fire preventive” provision was violated (120 AD2d, at 33).
At common law, firefighters were held to have assumed the risks of their profession and were denied recovery for injuries sustained while combatting fires even though the owner of the premises on which the fire occurred was negligent in creating the condition that caused the accident (see, McAvoy v Di Leo, 40 Misc 2d 46, 47-48 [County Ct], revd 43 Misc 2d 164 [App Term, 2d Dept]). In an attempt to ameliorate the harsh result of the common-law rule, the Legislature enacted General Municipal Law § 205-a (L 1935, ch 800, as amended by L 1936, ch 251), with the intention of creating a cause of action where otherwise there would be no right of recovery for the injury or death of a firefighter (see, McGee v Adams Paper & Twine Co., 26 AD2d 186, 195, supra; Healy v Rennert, 33 Misc 2d 897, affd 20 AD2d 682; Burigo v Di Leo, 38 Misc 2d 851). Plaintiffs argue that under the plain language of the statute, the violation of any statute, ordinance, rule or order — including a violation of the Vehicle and Traffic Law — is sufficient to sustain liability under section 205-a. Although General Municipal Law § 205-a, as a remedial statute, is to be construed liberally (see, McGee v Adams Paper & Twine Co., 26 AD2d 186, 194, supra), we conclude that the intended scope of the enactment is not so far-reaching. Section 205-a authorizes in broad language recovery for injury to a firefighter caused by the violation of any provision. The causation requirement is best understood by tracing section 205-a to its origin, section 761 of the Greater New York Charter (L 1901, ch 466), which provided in language similar to that of section 205-a: "All hoistways, well-holes, trap-doors, and iron shutters shall be closed at the completion of the business of each day by the occupant of the building having use or control of the same, and in case of a violation of this provision, such occupant having the use or control thereof shall forfeit and pay a penalty of fifty dollars for each and every neglect or omission so to do. And for any accident or injury * * * resulting directly or indirectly from any neglect or omission to properly comply with any of the requirements of this section, the person * * * negligent in respect thereto shall be liable to pay any * * * employee of said fire department injured” (originally enacted as L 1882, ch 410, § 453). This statutory antecedent compels the conclusion that the scope of section 205-a is limited to property owners and the maintenance of premises in a safe condition for firefighters (see, Citowitz v City of New *567 York, 77 AD2d 642; Gerhart v City of New York, 56 AD2d 790, lv denied 42 NY2d 810; Carroll v City of New York, 37 Misc 2d 563, 569).
Although section 205-a is not to be construed as broadly as plaintiffs urge, the interpretation articulated by the Appellate Division unduly restricts recovery under the statute to violations of only fire preventive provisions. This narrow interpretation is not required by McGee, which held in this regard only that the alleged violations involved there either could not be said to have proximately caused the firefighters’ injuries, or did not constitute violations at all. Rather, in view of its history, it is clear that General Municipal Law § 205-a created a statutory cause of action — where none existed at common law — for firefighters who sustain injuries while engaged in extinguishing a fire on premises wherein the owner or other person in control negligently failed to comply with the requirements of some statute, ordinance, or rule respecting the maintenance and safety of such premises. Thus, the statute affords firefighters protection from those premises harboring violations of safety provisions that create hazards additional to those that firefighters already face in their profession. The scope of the statute therefore may include, but is not limited to, violations of fire preventive regulations (see, e.g., Carroll v Pellicio Bros., 44 Misc 2d 832, mod 26 AD2d 552, appeal dismissed 18 NY2d 708, affd 19 NY2d 658 [violation of ordinance prohibiting bonfires]; Nykanen v City of New York, 14 NY2d 697, affg no opn 19 AD2d 535 [missing guardrails in stairwells]; Mazelis v Wallerstein, 51 AD2d 579 [violation of code requiring removal of building in danger of collapse]; Lyden v Rasa, 39 AD2d 716 [violation of fire escape ordinance]).
Here, the provisions plaintiffs assert as a predicate for liability under section 205-a — Vehicle and Traffic Law § 1224, Administrative Code, chapter 31, § 755 (4)-3.0, and Department of Sanitation General Order No. 5 — are not related to the safety of premises and the failure to comply with their requirements would not increase the risks already inherent in fighting fires generally, or in fighting vehicle fires specifically. These provisions are designed to discourage the abandoning of cars by imposing a penalty upon owners who do so, to give municipalities the power to remove abandoned cars without thereby incurring liability, and to give owners notice of the public sale of such cars (see, Vehicle and Traffic Law § 1224; Administrative Code, ch 31, § 755 [4]-2.0; see generally, 1969 *568 NY Legis Ann, at 465-466). Moreover, General Municipal Law § 205-a has been held not to encompass violations of Vehicle and Traffic Law provisions (see, e.g., Gerhart v City of New York, 56 AD2d 790, lv denied 42 NY2d 810, supra [allegation that defendant driver violated Vehicle and Traffic Law does not trigger section 205-a]; McAvoy v Di Leo, 43 Misc 2d 164, 165, supra [firefighter injured by defendant who disregarded Vehicle and Traffic Law in colliding with fire truck not entitled to recover under General Municipal Law § 205-a]).
Plaintiffs argue next that the Appellate Division erred in dismissing the cause of action alleging common-law negligence on the part of the City in failing to timely remove the abandoned car. While the City has a common-law duty to maintain its streets in a reasonably safe condition (Matter of Friedman v State of New York, 67 NY2d 271, 286; Bottalico v State of New York, 59 NY2d 302, 305; D'Ambrosio v City of New York, 55 NY2d 454) and a statutory duty to remove abandoned cars (Vehicle and Traffic Law § 1224), " '[a]bsent a special relationship creating a municipal duty to exercise care for the benefit of a particular class of individuals, no liability may be imposed upon a municipality for failure to enforce a statute or regulation’ ” (O’Connor v City of New York, 58 NY2d 184, 189, quoting Sanchez v Village of Liberty, 42 NY2d 876, 877-878; Miller v State of New York, 62 NY2d 506, 510; De Long v County of Erie, 60 NY2d 296, 304; Garrett v Holiday Inns, 58 NY2d 253, 261-262; Weiner v Metropolitan Transp. Auth., 55 NY2d 175, 178; Florence v Goldberg, 44 NY2d 189, 195; Riss v City of New York, 22 NY2d 579, 583). Here, plaintiffs failed to show any such "special relationship” (cf., Wolf v City of New York, 39 NY2d 568). Plaintiffs argue, and we have held, that the "special relationship” rule has no application in cases where the government engages in a proprietary function (Schrempf v State of New York, 66 NY2d 289, 294), and indeed, in such cases the government must be "held to the same duty of care as private individuals and institutions engaging in the same activity” (Schrempf v State of New York, 66 NY2d 289, 294, supra; Miller v State of New York, 62 NY2d 506, supra). The contention fails here, however, because Vehicle and Traffic Law § 1224 expressly provides for the exercise of peculiarly governmental functions, including the inspection and determination by the local authority as to whether the abandoned vehicle is suitable for operation on the public highways (Vehicle and Traffic Law § 1224 [5] [a]) and the destruction or replacement of the VIN *569 plate (Vehicle and Traffic Law § 1224 [5] [b], [c]). Indeed, the statute makes it a class A misdemeanor for anyone other than a person authorized by the municipality to "destroy, deface or remove any part of a vehicle which is left unattended on a highway or other public place without number plates affixed or which is abandoned” (Vehicle and Traffic Law § 1224 former [8] [former (8) was repealed by L 1984, ch 390, § 2, and subject matter of former (8) now covered by Penal Law § 165.09]).
Finally, plaintiffs maintain that the Appellate Division erred in dismissing the cause of action alleging negligent conduct on the part of Verdonik in failing to establish "fire lines” and on the part of Ogno in failing to properly park the fire engine. Consistent with the general rule that a municipality is not to be held liable for judgmental errors in the exercise of its governmental functions (see, e.g., Weiss v Fote, 7 NY2d 579, 584-587), ordinarily a "fire department is not chargeable with negligence for failing to exercise perfect judgment in discharging the governmental function of fighting fires” (Harland Enters. v Commander Oil Corp., 64 NY2d 708, 709; see also, McGee v Adams Paper & Twine Co., 26 AD2d 186, 197, supra; Laresca v City of New York, 108 AD2d 790; Kroger v City of Mount Vernon, 104 AD2d 855; Quinn v Nadler Bros., 92 AD2d 1013; see generally, McQuillin, 18 Municipal Corporations § 53.52, at 339 [3d rev ed]). Although a municipality may be held liable for injuries suffered by a firefighter caused by the negligence of a fellow firefighter (see, e.g., Buckley v City of New York, 56 NY2d 300, 305; see also, MacClave v City of New York, 19 NY2d 892, affg 24 AD2d 230; Citowitz v City of New York, 77 AD2d 642, supra; Brazinski v City of Cohoes, 17 AD2d 675, 676), liability will not be imposed where the firefighter’s conduct involves the exercise of professional judgment such as electing one among many acceptable methods of carrying out tasks, or making tactical decisions that, in retrospect show poor judgment, but judgment nonetheless.
While expert testimony established that proper fire fighting procedure called for parking the fire truck behind rather than ahead of the burning vehicle and for the erection of "fire lines”, there was no evidence that these were immutable procedures that must invariably be followed at the scene of a vehicle fire. Indeed, every witness and every regulation left room for judgment and discretion in these matters, depending on the particular circumstances presented. That Ogno *570 might have positioned the engine differently, or that Verdonik might have established a more effective warning to traffic are, under the circumstances of this vehicle fire, matters of judgment within the ambit of ordinary negligence for which no cause of action against a municipality will lie (see, e.g., Kroger v City of Mount Vernon, 104 AD2d 855, 856, supra).
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question not answered as unnecessary.

 Gardell has not appealed from the affirmance of the finding of liability against him, and thus is not before us.