■ FRED E. VYSE et al., Appellants, v CITY OF NEW YORK, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Amann, J.), entered January 14, 1987, which granted the defendant's motion to dismiss the complaint, made at the close of the evidence on a trial of the issue of liability only.

Ordered that the order is reversed, on the law, the motion is denied, and a new trial is granted to be held before a different Judge, with costs to abide the event.

On June 3, 1975, the plaintiff Fred E. Vyse, a New York City fireman, was injured while fighting a two-alarm fire at the Cadell Drydock and Repair Company at Broadway and Richmond Terrace in Staten Island, New York. Mr. Vyse was on a fire truck behind, or on the land side of, the burning building, when a New York City fireboat was brought up on the front, or water side of the building. A "demolition stream" of water from a five-inch tip bowgun monitor on the main deck of the fireboat was turned on the burning edifice. This stream cut through the building and struck Mr. Vyse and other men of his engine company.

The thrust of plaintiffs' action was that contrary to established procedures, as testified to by the plaintiffs' expert witness, (1) no warning whatsoever was radioed to the men of Mr. Vyse's engine company advising them that this powerful water cannon was to be used and directing them to evacuate the area, and (2) even assuming, arguendo, that such a warn-

ing was given, the water cannon was ordered turned on by a Deputy Chief without waiting for Mr. Vyse's engine company to acknowledge receipt of the warning or otherwise confirming that it had evacuated the area.

In support of these alternative theories, the plaintiffs proffered, on their direct case, testimony from, *inter alia,* several members of Mr. Vyse's engine company who were involved in fighting the fire, and a report dated June 12, 1975, admitted into evidence, which was prepared by the Deputy Chief who ordered the water cannon to be turned on. In the report, the Deputy Chief indicated, *inter alia,* that, via his handi-talkie, he gave an order to the men to evacuate the area. The Deputy Chief admitted in his report that he did not wait for an acknowledgment from Mr. Vyse's engine company of receipt of his message before ordering that the water cannon be turned on. Nevertheless, the Deputy Chief defended that decision on the ground that, in his professional opinion, the fire was extremely heavy and it was "urgent to start the boat streams" in order to prevent the fire from extending to a nearby oil storage area and a barge containing gas.

After the plaintiffs rested, the defendant City of New York moved to dismiss the plaintiffs' complaint for failure to prove a prima facie case. The trial court reserved decision. The defendant then rested and renewed its motion.

In its decision, the Supreme Court, Richmond County, characterized the plaintiffs' claim as simply alleging that the city "was negligent in failing to take proper steps to *confirm* that the men of [Mr. Vyse's engine company] had been cleared from the area before ordering the Marine Unit to commence operations" (emphasis supplied). With respect to this particular claim the Supreme Court held for the defendant and dismissed the complaint, stating: "The case before the Court illustrates a prime example of an error in judgment for which the Defendant may not be held liable. * * * The Plaintiffs have treated the omission of [the Deputy Chief] to verify that the area was cleared, as a case of plain negligence. However, the statement in the report, that: '[t]here was no roll call of units nor was there time to canvass each unit' * * * indicates that the failure to canvass the units to see if they had cleared the area, was not one of negligence, but rather an exercise of judgment. Other statements in the report indicated that a barge 'not gas free' was smoking on the bow side. Also at risk was an oil storage area adjacent to the fire site. The reports in evidence indicate a heavy fire about to spread. Under such circumstances, an error in judgment may have taken place.

Possibly [the Deputy Chief] should have sought an acknowledgment that the area was cleared, however, unlike the Plaintiffs' expert, the Court is not about to substitute its judgment for [the Deputy Chief], having been given the benefit of 20-20 hindsight".

In reviewing the dismissal of a plaintiff's complaint, the trial court, and upon appellate review, this court, must "view the evidence in the light most favorable to the plaintiff * * * and all questions as to witnesses' credibility must be resolved in plaintiff's favor" *(Lipsius v White,* 91 AD2d 271, 276). The test to be applied in considering a motion for judgment as a matter of law is not founded upon a weighing of the evidence; rather, in taking the case from the jury, the court must find "that by no rational process could the trier of the facts base a finding in favor of the [plaintiff] upon the evidence * * * presented" *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245).

There was evidence submitted by the plaintiffs, namely, the Deputy Chief's report, which indicated that the fire was extremely heavy and was about to spread to a nearby oil storage area and a barge containing gas if not checked by the water cannon. Under these circumstances, the defendant argues that the Deputy Chief's order to have the water cannon turned on, without waiting for an acknowledgment from Mr. Vyse's engine company that it had received his warning to evacuate or otherwise confirming that it had evacuated the area, constituted the exercise of professional judgment by a firefighter which, under the recent holding of the Court of Appeals *(Kenavan v City of New York,* 70 NY2d 558), cannot serve as the basis for the imposition of liability upon a municipality. However, we do not find the Court of Appeals holding in *Kenavan v City of New York (supra)* to be controlling in this case. In *Kenavan v City of New York (supra),* the injured firefighter alleged that the defendant was negligent in parking a fire truck ahead of a burning vehicle and in failing to erect "fire lines" *(Kenavan v City of New York, supra,* at 569). Although there was expert testimony in *Kenavan* that proper fire fighting procedures called for parking the fire truck behind, rather than ahead, of the burning vehicle, and for the erection of "fire lines", there was "no evidence that these were immutable procedures that must invariably be followed at the scene of a vehicle fire" *(Kenavan v City of New York, supra,* at 569). Indeed, every witness and every regulation produced in that case "left room for judgment and discretion in these matters, depending on the particular cir-

cumstances presented" *(Kenavan v City of New York, supra,* at 569). In the case at bar, the plaintiffs' expert testified that it was a departure from accepted and standard practice of the Fire Department for the Deputy Chief to order the water cannon turned on without waiting for an acknowledgment from Mr. Vyse's engine company of receipt of his message to evacuate or otherwise confirming that it had evacuated the area. However, in contrast to *Kenavan v City of New York (supra)* the expert in the case at bar went on to testify, during cross-examination, as follows:

"Q But isn't it true, sir, that [what] is accepted as good practice [is] subject to the exigencies of what is happening at a fire, and at some point in time perhaps you cannot find— excuse me—you cannot follow those unpublished procedures, is that not correct? * * *

"A * * * there are times when the fire may be fought in one fashion or another fashion; you lay the hose line to the rear door, or you lay it to the front door by reason of your judgement *[sic]* as to the correctness of that.

"However, there are specific situations, and in my opinion this is one of them, where the kind of execution of an order with a kind of following of good practice simply would not be changed by any officer here."

In essence, the plaintiffs' expert testified that the Deputy Chief's obligation to receive acknowledgment of receipt of his message to evacuate or otherwise confirm that an evacuation had been made, before ordering that the water cannon be turned on, was an immutable one, and not subject to discretion. Moreover, the Supreme Court ignored the first theory of liability advanced by the plaintiffs. Specifically, several of the firefighters of Mr. Vyse's engine company who were present at the fire testified that they never heard any order to evacuate the area. Under these circumstances, a question of fact was presented for resolution by the trier of fact as to the defendant's negligence with respect to these two theories, and the complaint was erroneously dismissed at the close of all the evidence.

We have reviewed the remaining arguments raised by plaintiffs and find them to be without merit. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.