OPINION OF THE COURT
Cosmo J. Di Tucci, J.
In these causes of action by plaintiff and his wife sounding *1023 in negligence, which include allegations that defendants violated Alcoholic Beverage Control Law § 65 (2) and General Obligations Law § 11-101 (hereinafter Dram Shop Act), defendants move for summary judgment.
On February 22, 1986, plaintiff James Campbell and his wife Bernice stopped at an ice cream store to purchase some ice cream. Plaintiff, a New York City police officer at the time, was off duty. While his wife went into the store, he stayed outside to park the car. As he was waiting for his wife, he allegedly observed a male urinating against a wall, visible to those passing by in the street. Plaintiff rolled down his car window and told the male to "go in the back and do that”. When the male allegedly responded with an obscenity, plaintiff exited his car and approached the male. After a few angry words were exchanged about the matter, plaintiff claims the male began swinging his fists. At this point, plaintiff identified himself as a police officer and warned the assailant, in effect, that if he continued he was going to get into trouble. Despite the warning, the assailant continued and plaintiff retaliated with his own punches. The altercation was quickly broken up by a group of bystanders who held the assailant back as plaintiff’s wife returned. As plaintiff turned to his wife and informed her that he was going to arrest the assailant, someone from the group, apparently a friend of the assailant, approached plaintiff from the side and punched him in the face causing injury. Plaintiff pulled out his shield and informed the individual that he also was under arrest. As he approached the individual to effectuate the arrest another fight ensued in which plaintiff allegedly suffered injuries to his back. As a result of these injuries, plaintiff was forced to retire.
Plaintiff commenced an action against Lorenzo’s Pizza Parlor, Inc., and its owner for his injuries, claiming among other things, that they violated Alcoholic Beverage Control Law § 65 (2) and New York’s Dram Shop Act by serving alcoholic beverages to visibly intoxicated persons, namely, the assailants, just prior to the incident. He alleges that as a result of the intoxication the individuals were rendered hostile and unable to appreciate the nature of their acts. Plaintiff’s wife commenced an action seeking compensation for loss of support and consortium.
Defendants assert that the actions must fail for the policy reasons set forth in the recent Court of Appeals decision, Santangelo v State of New York (71 NY2d 393). There the *1024 court held that the so-called "fireman’s rule” also applied to police officers injured in the line of duty. The fireman’s rule precludes those who choose to become firemen from recovering against the owner of the premises whose negligence in maintaining the premises caused a fire to occur. (See, Kenavan v City of New York, 70 NY2d 558.) Although the fireman may have been injured while fighting the fire, the rule denies him recovery on the basis of the theory of assumption of risk and, more importantly, for public policy considerations. (Santangelo v State of New York, supra.) The policy considerations being that firefighters are trained and compensated to confront certain dangers which often naturally arise because of the negligence of others and they may not be heard to complain when they are injured while confronting the very dangers that create a need for their services. (Santangelo v State of New York, supra.)
In Santangelo (supra), two officers, injured while attempting to apprehend an escaped mental patient, were precluded from recovering against those whose alleged negligence allowed the patient to escape. The court held that the apprehension of an escaped mental patient is a service particularly within the scope of duty of police officers and, thus, applying the fireman’s rule, they may not recover damages against those whose negligence created a need for that service. The court justified the application of the rule by pointing out that police officers are trained and compensated to deal with the dangerous situations their job requires them to confront and, if injured in the line of duty, the public bears the cost through municipal retirement plans.
Plaintiff contends that these considerations are inapplicable to the instant case because he was off duty when confronting the dangerously created situation, whereas the officers and fireman in the other cases were all on duty when injured. He argues that an off-duty officer does not knowingly and voluntarily encounter volatile situations and, thus, does not assume the same risks as on-duty officers.
Whereas plaintiff’s opposition to this motion is predicated upon the theories surrounding the doctrine of assumption of risk, the court in Santangelo (supra) expressly rejected that as the theory upon which to base their decision. They made it clear that their decision was "not predicated upon principles of comparative fault but rather upon sound considerations of public policy resting on the nature of the occupation — which often requires police to confront negligently created emergen *1025 cies on behalf of the public.” (Santangelo v State of New York, supra, at 398.) Such policy considerations apply equally as well to an off-duty police officer who suddenly confronts individuals rendered dangerous by the negligence of another and who chooses to take police action against such individuals.
Even if we accept all of plaintiff’s allegations as true, the complaint must nevertheless be dismissed for these policy considerations. Plaintiff was injured while performing a function particularly within the scope of his duties, that is, attempting the arrest of a hostile individual, for which he has received extensive training. The necessity for these services allegedly arose because of the negligence of defendants. The injuries were sustained when a second individual, also allegedly rendered unappreciative of his acts due to the negligence of defendants, attacked plaintiff. Plaintiff filed police reports claiming that the injuries were incurred in the line of duty and cannot now assert otherwise. As a result of such filing plaintiff has retired with a full medical disability and, thus, the public is bearing the cost of the "injuries suffered by its protectors in the line of duty.” (Santangelo v State of New York, supra, at 398.) Under these circumstances, the rationale of Santangelo (supra) squarely applies despite the fact that plaintiff was off duty at the time of the incident. Santangelo (supra) made it patently clear that an officer who is injured "in the line of duty” while performing a police function for which he is trained and compensated may not recover against those whose alleged negligence occasioned the need for his services. (Santangelo v State of New York, supra, at 397.)
Furthermore, plaintiff’s contentions that his cause of action based on defendants’ alleged violation of the Dram Shop Act is statutorily created, and, thus, not subject to the decision of the court in Santangelo (supra) is without merit. There is no reason to distinguish between causes of action created by statute and those founded upon common-law negligence when applying the policy considerations outlined in the Santangelo . decision. They are equally applicable under either circumstance.
Finally, since plaintiff’s wife’s cause of action for loss of consortium and services is merely derivative in nature, it must also be dismissed. (See, Maddox v City of New York, 108 AD2d 42.)
Accordingly, the motion by defendants for summary judgment is granted and the complaint is hereby dismissed.