■ EDMOND C. GAYER et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated July 30, 1990, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

On April 14, 1988, the plaintiff Edmond C. Gayer, a New York City firefighter, was dispatched to the scene of a burning frame building located in Queens. Upon arrival at the fire, he was told by the Deputy Chief at the scene that "they had a report that a twelve-year-old was missing". He was then directed to "take [his] men and see if [he] could find [the child]." While he was entering the burning building, a portion of the structure collapsed and he was buried under the falling debris.

The plaintiffs allege that the building collapsed as a result of being hit with water from tower ladders, i.e., firefighting devices capable of emitting a great volume of water at high pressure. The plaintiffs submitted the affidavit of an expert who concluded that the appellant violated its own procedures governing tower ladder operation by ordering the injured plaintiff into or near the building while the tower ladders were in use. The appellant argues that written procedures of the fire department are subject to the exercise of professional judgment depending upon the circumstances of the particular fire.

A review of the applicable prescribed procedures of the fire department indicates that while some procedures are dependent upon the exercise of a firefighter's professional judgment,

there are immutable rules governing tower ladder operation. Although a municipality will not be held liable where a firefighter's conduct involves the exercise of professional judgment *(see, Kenavan v City of New York,* 70 NY2d 558), in this case there is a question of fact as to whether immutable rules were violated *(see, Vyse v City of New York,* 144 AD2d 452). Therefore, summary judgment was properly denied *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.