■ CHYRILL MONTAGUE, Appellant, v CITY OF NEW YORK, Respondent. [598 NYS2d 314] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated April 29, 1991, which granted the motion of defendant City of New York for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 25, 1988, the plaintiff Chyrill Montague, an employee at Woodhull Hospital in Brooklyn, was struck and pushed in the hall of the hospital's trauma center by a prisoner-patient, Nelson Lindsay. Lindsay, who had been

taken to the hospital for treatment of facial or head injuries, was attempting to escape from the custody of two armed correction officers while he had been momentarily uncuffed in order to get dressed. As a result of the incident, the plaintiff allegedly sustained personal injuries to her neck, back, and head.

The defendant moved for summary judgment dismissing the complaint, arguing that the plaintiff had failed to establish the existence of a "special relationship" between herself and the New York City police, as agents of the defendant City, which would have created a specific duty to protect her from the dangers posed by an escaping prisoner-patient. The Supreme Court granted the motion, finding that no special relationship existed between the plaintiff and the defendant. In addition, the court ruled that the plaintiff failed to set forth facts raising a triable issue of fact as to whether the defendant had acted negligently.

We agree with the Supreme Court that the plaintiff has failed to establish any issue of facts establishing the existence of a special relationship between the plaintiff and the police *(see, Cuffy v City of New York,* 69 NY2d 255; *Miller v State of New York,* 62 NY2d 506, 510; *Smith v City of New York,* 122 AD2d 133).* In any event, the officer's action in briefly un-cuffing the prisoner so as to permit him to dress was a discretionary function for which the City may not be held liable *(see, e.g., O'Connor v City of New York,* 58 NY2d 184; *Smith v City of New York, supra; Kroger v City of Mount Vernon,* 104 AD2d 855).* Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.