■ FRED E. VYSE et al., Appellants, v CITY OF NEW YORK, Respondent. [611 NYS2d 649] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated March 6, 1991, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On appeal, the plaintiffs contend, *inter alia,* that the Supreme Court's determination was against the weight of the evidence because the testimony of their expert witness established that an immutable Fire Department rule was violated

when a Deputy Chief ordered that a powerful water cannon be turned on without waiting for acknowledgment that all firefighters in the path of the cannon had received a warning and been evacuated. We disagree. Although the plaintiffs' expert testified that an immutable rule requiring such acknowledgment existed when the plaintiff firefighter was injured, the plaintiffs produced no written rule or regulation to support their claim. Moreover, two other witnesses testified that on the date the plaintiff firefighter was injured, there was no immutable rule which required a Deputy Chief to receive acknowledgment of receipt of his message to evacuate or otherwise confirm that an evacuation had been made before ordering a water cannon turned on, and an accident report prepared by the Chief in Charge of Fire Control in the wake of this incident recommended that such a rule be adopted.

"[T]aking into account * * * 'the fact that the trial judge had the advantage of seeing the witnesses' " (*Northern Westchester Professional Park Assocs. v Town of Bedford*, 60 NY2d 492, 499, quoting *York Mtge. Corp. v Clotar Constr. Corp.*, 254 NY 128, 133-134), we cannot conclude that the Supreme Court's determination that there was no immutable rule requiring confirmation of evacuation at the time of the accident was unwarranted by the evidence *(see, Brenner v De Bruin*, 186 AD2d 701; *Mirasola v Gilman*, 163 AD2d 371; *Matter of Fasano v State of New York*, 113 AD2d 885).

We further note that following the first trial of this action, this Court reversed an order granting the defendant's motion to dismiss the complaint, made at the close of the evidence on a trial of the issue of liability, and ordered a new trial, concluding that an issue of fact existed as to whether the Deputy Chief had violated an immutable Fire Department rule or regulation, and, accordingly, that the Court of Appeals' holding in *Kenavan v City of New York* (70 NY2d 558) was not controlling *(see, Vyse v City of New York*, 144 AD2d 452, 454). However, in the absence of sufficient, credible proof at the second trial to establish the existence of an immutable rule requiring confirmation of evacuation, the Deputy Chief's failure to obtain confirmation that the injured plaintiff's engine company had received a warning and been evacuated from the path of the water cannon was, at most, an error in judgment for which the defendant cannot be held liable *(see, Kenavan v City of New York, supra; McCormack v City of New York*, 172 AD2d 357, *affd* 80 NY2d 808).

We have examined the plaintiffs' remaining contentions and

find that they are without merit. Balletta, J. P., Miller, Hart and Krausman, JJ., concur.