■ CATHERINE DiFLORIO, Respondent, v JUNE E. WORDEN et al., Appellants, et al., Defendants. (Appeal No. 1.) [755 NYS2d 679] —Appeal from a judgment of Supreme Court, Onondaga County (Murphy, J.), entered April 12, 2002, upon a jury verdict rendered in favor of plaintiff Catherine DiFlorio and against defendants June E. Worden and Peter J. Beratta.

■ CATHERINE DiFLORIO, Respondent, v JUNE E. WORDEN et al., Appellants, et al., Defendants. (Action No. 1.) CONSTANZA MARINO et al., Respondents, v JUNE E. WORDEN et al., Appellants, et al., Defendants. (Action No. 2.) POORANY WILLIAM et al., Respondents, v JUNE E. WORDEN et al., Appellants, et al, Defendants. (Action No. 3.) (Appeal No. 2.) [757 NYS2d 656] —Appeal from a judgment of Supreme Court, Onondaga County (Murphy, J.), entered May 7, 2002, upon a jury verdict rendered in favor of plaintiffs in actions Nos. 1, 2 and 3 and against defendants June E. Worden and Peter J. Beratta.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the amended complaints and complaint against defendants June E. Worden and Peter J. Beratta are dismissed.

Memorandum: Plaintiffs commenced these consolidated actions against, inter alia, defendant State Troopers (defendants), alleging with respect to those defendants that they were negligent in failing to carry out a safe plan for the removal of a disabled vehicle that was stuck under a guardrail and in failing to safeguard oncoming traffic from colliding with that vehicle or with successive oncoming vehicles. Defendants appeal from an interlocutory judgment on liability entered upon a jury verdict in favor of plaintiffs. We agree with defendants that reversal is required because they were engaged in the regulation of traffic, "a governmental function undertaken for the protection and safety of the public pursuant to the general police powers" (*Balsam v Delma Eng'g Corp.*, 90 NY2d 966, 968 [1997]). Plaintiffs' expert testified at trial that, in his opinion, defendants failed to exercise any judgment and their conduct

was outside the realm of acceptable police practices. The expert failed, however, to identify any specific rule or procedure that was violated, and thus his testimony was merely conclusory and failed to establish that defendants violated a clearly defined, fixed or "immutable [police] procedure[ ] that must invariably be followed" at the scene of a motor vehicle accident (*Kenavan v City of New York*, 70 NY2d 558, 569 [1987]) or that defendants' actions were other than a "matter[ ] of judgment within the ambit of ordinary negligence for which no cause of action against a municipality will lie" (*id.* at 570; *see also Martell v City of Utica*, 184 AD2d 1009, 1010 [1992]). Defendants are immune from liability for errors in judgment in responding to an unfolding emergency situation (*see Kenavan*, 70 NY2d at 569). " '[I]mmunity reflects a value judgment that— despite injury to a member of the public—the broader interest in having government officers and employees free to exercise judgment and discretion in their official functions, unhampered by fear of second-guessing and retaliatory lawsuits, outweighs the benefits to be had from imposing liability for that injury' " (*Mon v City of New York*, 78 NY2d 309, 313 [1991], *rearg denied* 78 NY2d 1124 [1991]). We therefore reverse the judgment and dismiss the amended complaints and complaint against defendants. Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.